Paul L. GLOVER, John R. Johnson, John Broderick and William Carpenter, as Trustees of the Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund, Plaintiffs,

v.

WOLF, WEBB, BURK & CAMPBELL, INC., a Pennsylvania Corporation, Defendant.

No. 88 C 10501.

United States District Court, N.D. Illinois, E.D.

Jan. 25, 1990.

Edward J. Burke, Burke & Smith Chartered, and Martin J. Burns and Joseph M. Burns, Jacobs, Burns, Sugarman & Orlove, Chicago, Ill., for plaintiffs.

H. Nicholas Berberian and Jerry M. Santangelo, Neal Gerber Eisenberg & Lurie, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Plaintiffs, Paul L. Glover, John R. Johnson, John Broderick and William Carpenter, are Trustees of the Chicago Truck Drivers, (hereinafter "Pension Fund"). Defendant, Wolf, Webb, Burk & Campbell, Inc., entered into an agreement (hereinafter "Agreement") with the Pension Fund pursuant to which defendant was appointed as investment manager under ERISA. 29 U.S.C. § 1102(c)(3). Plaintiffs filed suit against defendant pursuant to 29 U.S.C. § 1109(a) and § 1132(a)(2), alleging that defendant breached its fiduciary duty to the Pension Fund. Plaintiffs seek THREE MILLION, FIVE HUNDRED THOUSAND ($3,500,000.00) DOLLARS in damages based on the alleged breach of fiduciary duties by defendant. Plaintiffs further seek TEN MILLION ($10,000,000.00) DOLLARS in punitive damages based on allegations that the defendant's acts were willful, wanton, and malicious.

Defendant filed a motion to compel arbitration arguing that the Agreement contains an arbitration clause which provides that:

> Any controversy arising out of, or relating to, this [A]greement or the breach thereof shall be settled by arbitration in Chicago in accordance with the Commercial Arbitration Rules of the American Arbitration Association. Unless agreed otherwise by Principal and Agent, any arbitration hereunder shall be heard by a three-member Board of Arbitration, and a decision of a majority shall be final and binding.

In its motion, the defendant contends that the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* mandates the District Court to compel

plaintiffs to submit to arbitration and to enter a stay of plaintiffs' Complaint pending resolution pursuant to the arbitration clause of the Agreement entered into by the parties.

 Private agreements to arbitrate disputes arising under ERISA are enforceable. *Arnulfo P. Sulit, Inc. v. Dean Witter Reynolds, Inc.*, 847 F.2d 475 (8th Cir. 1988); *See Shearson Lehman/American Express, Inc., et al. v. Bird*, —— U.S. ——, 110 S.Ct. 225, 107 L.Ed.2d 177 (1989) (the Supreme Court vacated the Second Circuit's order refusing to compel arbitration of an ERISA dispute and remanded for reconsideration in light of *Rodriguez de Ouijas v. Shearson/American Express, Inc.*, 490 U.S. ——, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989)). Plaintiffs, in their Status Report submitted to this Court, indicate that they do not object to defendant's Motion to Compel Arbitration. However, Plaintiffs condition their acquiescence upon this Court ordering the defendant to pay the arbitration fees. The Agreement of the parties, specifically, the arbitration clause, does not address who is to pay the arbitration fees. However, plaintiffs, in their Complaint, seek the award of fees and costs as allowed under ERISA. 29 U.S.C. § 1132(g). The issue of whether plaintiffs pay or defendant pays the costs and fees of arbitration is part of the underlying issue arising from the alleged breach of defendant's fiduciary duty to the Pension Fund. *See Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 581 (5th Cir.1986). This Court cannot enter an order requiring defendant to pay the arbitration fees because that issue is properly left to arbitration pursuant to the Agreement of the parties.

ORDERED: The Court grants defendant's motion and hereby enters a Stay in the instant case pending submission of the dispute between plaintiffs and defendant to arbitration pursuant to the parties' Agreement. 9 U.S.C. § 3.