SOUTHSIDE INTERNISTS GROUP PC
MONEY PURCHASE PENSION PLAN,
et al., Plaintiffs,

v.

JANUS CAPITAL CORPORATION, et
al., Defendants.

No. CV–89–N–0735–S.

United States District Court,
N.D. Alabama, S.D.

June 25, 1990.

Michael Rediker, Ritchie & Rediker, Birmingham, Ala., for plaintiffs.

Michael L. Edwards, Jonathan Scott Harbuck, Balch & Bingham, Birmingham, Ala., David Tucker, Brian D. Williams, Watson Ess Marshall & Enggas, Kansas City, Mo., for Janus Capital Corp.

Jamie Brownlee–Jordan, David G. Russell, Parker Hudson Rainer & Dobbs, Atlanta, Ga., for Shearson Lehman Hutton, Inc.

EDWIN L. NELSON, District Judge.

## MEMORANDUM OF OPINION

This cause is before the court on motion of the defendant Shearson Lehman Hutton Inc. (Shearson) to stay the proceedings as to it and to compel the plaintiffs to submit their dispute to arbitration and the plaintiffs' demand for trial by jury on issues relating to the arbitrability of the dispute.

The individual plaintiffs and defendant Janus entered into an agreement wherein the plaintiffs allege Janus agreed to invest and manage the assets of the plaintiff's investment plans with full discretion and fiduciary responsibility. Defendant Shearson was the broker-dealer chosen by Janus and/or the plaintiffs to handle the transactions undertaken on behalf of the plans. Plaintiffs executed separate agreements with Shearson, all of which contain compulsory arbitration clauses.[1] The agreement with Janus contains no such clause.

Plaintiffs assert claims against Janus under the Securities Exchange Act of 1934, §§ 10(b), 15, 20, ERISA §§ 404, 406–409, The Investment Advisors Act of 1940, and the anti-fraud provisions of the Securities Act of Alabama, §§ 8–6–17, 8–6–19(a)(1) and (2), 6–5–100. They also assert breaches of duties as agents and fiduciaries and common-law fraud. The plaintiffs assert that Shearson "aided and abetted" the wrongs allegedly perpetrated by Janus.

Shearson has moved the court to stay these proceedings as to them and compel the plaintiff to submit their claims against it to arbitration and has chosen the New York Stock Exchange as arbitrator pursuant to their contracts. The plaintiffs assert that Shearson waived its right to arbitrate by "stonewalling" the plaintiffs' own request for arbitration, the ERISA claims are not arbitrable, and the arbitration agreement is unenforceable as a contract of adhesion.

The plaintiffs have demanded a jury trial on issues relating to arbitrability. The Arbitration Act provides two means of enforcing an arbitration agreement: Section 3 requires that a federal district court stay its proceedings if it is satisfied that an issue before it is arbitrable under the agreement, and Section 4 authorizes a federal district court to issue an order compelling arbitration if there has been a "failure, neglect, or refusal" to comply with the

---

1. The agreement to arbitrate is found in Section 14 of "Client Agreement[s]" entered between the parties. That section provides in pertinent part as follows:

   Unless unenforceable due to federal or state law, any controversy arising out of or relating to my accounts, to transactions with you, your officers, directors, agents and/or employees for me or to this agreement or the breach thereof, shall be settled by arbitration in accordance with the rules then in effect of the National Association of Securities Dealers, Inc. or the Boards of Directors of the New York Stock Exchange, Inc. and/or the American Stock Exchange, Inc. as I may elect. If I do not make such election by registered mail addressed to you at your main office within 5 days after demand by you that I make such election, then you may make such election. Judgment upon any award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

arbitration agreement. 9 U.S.C. §§ 3, 4, *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 226, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987), *rehearing denied,* 483 U.S. 1056, 108 S.Ct. 31, 97 L.Ed.2d 819. Section 4, empowering the court to compel arbitration, provides that the party opposing arbitration may request a jury trial if there are factual questions regarding the making of the arbitration agreement or the failure, neglect, or refusal to perform the agreement. When considering whether the arbitration clause in question is valid, the court may inquire only into those issues relating to the making and performance of the clause, and not to claims regarding the enforceability of the contract in general. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). There must be evidence that the arbitration clause itself, standing apart from the whole agreement, was not enforceable. *Coleman v. Prudential Bache Secur., Inc.,* 802 F.2d 1350 (11th Cir.1986). Allegations of fraud, duress or unconscionability in the contract as a whole are matters to be resolved in arbitration. *Miller v. Drexel Burnham Lambert, Inc.,* 791 F.2d 850, 854 (11th Cir.1986).

■ Section 3, empowering the court to stay proceedings requires only that the court find the issues at hand are arbitrable. *See generally Moses H. Cone Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 29, 36, 103 S.Ct. 927, 944, 947, 74 L.Ed.2d 765 (1983). Sections three and four call for an "expeditious and summary hearing, with only restricted inquiry into factual issues" by the federal court. *Moses H. Cone Hospital,* 460 U.S. at 22–23, 103 S.Ct. at 940–941. Since Shearson has moved to compel arbitration under § 4, the plaintiffs have a right to a jury trial on any genuine factual questions related to the validity of the arbitration clause. Although the waiver issue may arise in § 3 or § 4 cases, the right to the jury is available only if there is a § 4 motion to compel arbitration and if the party opposing arbitration requests a jury. *See* 9 U.S.C. §§ 3, 4.

■ Nevertheless, plaintiffs are not entitled to a jury unless their factual allegations raise a genuine issue as to the making of the agreement for arbitration. *T & R Enterprises, Inc. v. Continental Grain Co.,* 613 F.2d 1272, 1275 (5th Cir.1980). Furthermore, plaintiffs must challenge the clause itself, and not the contract as a whole and their factual allegations must, if proved, support a finding of waiver or adhesion under state law. *Prima Paint, supra.* The party resisting arbitration has the burden of showing entitlement to a jury trial. *Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. Haydu,* 637 F.2d 391, 398 n. 12 (5th Cir.1981).

Plaintiffs resist arbitration on the basis of assertions that Shearson waived the right to demand arbitration and that the arbitration agreement is a part of an adhesion contract. On neither of these claims are they, on the record here, entitled to a jury trial.

■ In support of their claim that Shearson has waived its right to arbitration, plaintiffs aver Shearson refused to arbitrate. Dr. Bayard Tynes submitted an affidavit in which he states he "made an effort ... to arbitrate ... by writing the letter of [March 28, 1988]". He asserts Shearson "rejected our request" in a July 1, 1988 letter. Plaintiffs included the July 1, 1988 letter, in which Shearson denied responsibility for any of the losses sustained by plaintiffs. There is no mention of arbitration in the Shearson letter. Plaintiffs also present evidence of their pre-suit settlement offers. Dr. Tynes claims at no time did Shearson "demand we go to arbitration". Plaintiffs allege Shearson failed to demand arbitration until after Shearson was added as a defendant in this action.

None of these claims, if proved, would be sufficient to prove a waiver on Shearson's part. Plaintiffs have not produced any evidence that Shearson refused to arbitrate, there is no reference to arbitration at all in the July 1, 1988 letter. Furthermore, none of the actions plaintiffs attribute to Shearson could be construed as an implied waiver of its right to arbitrate. There is no set rule as to what constitutes a waiver of an

arbitration agreement, the question depends upon the facts of each case and usually must be determined by the trier of facts. *Burton–Dixie Corp. v. Timothy McCarthy Constr. Co.*, 436 F.2d 405 (5th Cir.1971). "[A]ny conduct of the parties inconsistent with the notion that they treated the arbitration provision in effect or any conduct that might be reasonably construed as showing that they did not intend to avail themselves of the arbitration provision may amount to a waiver." *Id.* It is nonetheless clear that failure to file a presuit demand for arbitration is not a waiver. *E.C. Ernst, Inc. v. Manhattan Constr. Co.*, 551 F.2d 1026, 1040 n. 39 (5th Cir. 1977), *reh. den.*, 559 F.2d 268, *citing General Guar. Ins. Co. v. New Orleans Gen. Agency, Inc.*, 427 F.2d 924 (5th Cir.1970). Shearson made its demand for arbitration immediately after it was added as a party to the present lawsuit, therefore it did not undertake any substantial discovery or litigation that "qualifies as the kind of prejudice ... that is the essence of waiver". *E.C. Ernst, Inc. v. Manhattan Constr. Co.*, 559 F.2d 268, 269 (5th Cir.1977), *cert. den., Providence Hospital v. Manhattan Constr. Co.*, 434 U.S. 1067, 98 S.Ct. 1246, 55 L.Ed.2d 769 (1978). Any doubts must be resolved in favor of arbitration, and the party opposing arbitration must meet a "heavy burden" to prove waiver. *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1025 (11th Cir.1982).

Because the plaintiffs' factual allegations raise no genuine issue as to whether Shearson waived its right to arbitrate, the plaintiffs are not entitled to a jury trial on that issue. *T & R Enterprises, Inc. v. Continental Grain Co.*, 613 F.2d at 1275.

■ Plaintiffs also claim the arbitration clause itself is invalid as a contract of adhesion. Dr. Tynes states the agreement was signed on a "take-it-or-leave-it basis without any choice or any discussion or negotiation of the arbitration provision or its meaning or its extent or application or ramifications." If the party resisting arbitration claims the contract to arbitrate was adhesive, the record must contain sufficient factual showing to support that sugges-

tion. *Rodriguez de Quijas v. Shearson/American Express*, — U.S. —, —, 109 S.Ct. 1917, 1921, 104 L.Ed.2d 526, 536 (1989). There is nothing inherently unfair or oppressive about arbitration clauses. *Coleman v. Prudential Bache Secur., Inc.*, 802 F.2d at 1352 (11th Cir. 1986). Further, absent a showing of fraud or mental incompetence, a person who signs a contract cannot avoid his obligations thereunder by showing he did not read what he signed. *Id.* Therefore, Dr. Tynes' suggestion that he was unaware of the existence of the clause is unavailing. The remainder of Dr. Tynes' factual allegations go to an assertion that the contract itself was adhesive. When considering whether the arbitration clause in question is valid, the court may inquire only into those issues relating to the making and performance of the clause, and not to claims regarding the enforceability of the contract in general. *Prima Paint Corp. v. Flood & Conklin Mfg. Co., supra.* There must be evidence that the arbitration clause itself, standing apart from the whole agreement, was not enforceable. *Coleman v. Prudential Bache Secur., Inc., supra.* Allegations of fraud, duress or unconscionability in the contract as a whole are matters to be resolved in arbitration. *Miller v. Drexel Burnham Lambert, Inc.*, 791 F.2d at 854 (11th Cir.1986). Since plaintiffs allege the contract itself was adhesive, this is an issue to be determined in arbitration. Plaintiffs are not entitled to a jury unless their factual allegations raise a genuine issue as to the adhesive nature of the agreement for arbitration. *T & R Enterprises, Inc. v. Continental Grain Co., supra.*

■ Finally, plaintiffs assert the ERISA claims they bring against Shearson are non-arbitrable. The arbitration agreement itself is broad, and without question encompasses the ERISA claims, therefore this court must decide if Congress intended to allow waiver of a judicial forum for ERISA claims. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628, 105 S.Ct. 3346, 3354–55, 87 L.Ed.2d 444 (1985).

In general, claims founded on statutory rights are as susceptible to arbitration as are other claims. *Shearson/American Express, Inc. v. McMahon*, 482 U.S. at 226, 107 S.Ct. at 2337, *citing Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. at 626–627, 105 S.Ct. at 3353–54. However, statutory claims are not always arbitrable. "[T]he Arbitration Act's mandate may be overridden by a contrary congressional command". *Shearson/American Express, Inc. v. McMahon*, 482 U.S. at 226, 107 S.Ct. at 2337. The party opposing arbitration carries the burden of showing that Congress intended to preclude a waiver of a judicial forum for the statutory rights established in ERISA. This intent must be discernible from the text of the statute, or its legislative history, or its underlying policies. *Rodriguez de Quijas v. Shearson/American Express*, — U.S. at ——, 109 S.Ct. at 1921, 104 L.Ed.2d at 536, *Shearson/American Express, Inc. v. McMahon*, 482 U.S. at 227, 107 S.Ct. at 2337–38.

Neither the Supreme Court nor the Eleventh Circuit have explicitly held that ERISA claims are arbitrable. The Ninth Circuit's holding that exhaustion of arbitration procedures could not be compelled, *Amaro v. Continental Can Co.*, 724 F.2d 747, 751–752, (9th Cir.1984), was expressly rejected by the Eleventh Circuit in *Mason v. Continental Group, Inc.*, 763 F.2d 1219 (11th Cir.1985), *cert. denied*, 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986). In *Mason*, the Eleventh Circuit required that plaintiffs claiming violations of ERISA statutory rights first exhaust administrative remedies available to them under a collective bargaining agreement, including any provisions made for arbitration. *Id.*, at 1225–27. The *Amaro* and *Mason* cases did not involve any interpretation of the Arbitration Act, but only general principles of exhaustion of remedies. Their value as precedent is unclear.

Two circuits, the Third and the Second, have decided that ERISA claims are not

arbitrable under the Arbitration Act. The Third Circuit, citing *Amaro*, relied on a distinction between statutory and contractual claims to find that claims of statutory violations of ERISA are not arbitrable under the Arbitration Act. *Barrowclough v. Kidder, Peabody & Co.*, 752 F.2d 923, 939 (3rd Cir.1985). This distinction was expressly rejected in *Mitsubishi, supra*, 473 U.S. at 626–27, 105 S.Ct. at 3353–54 and *McMahon, supra*, 482 U.S. at 229–232, 107 S.Ct. at 2338–40. Arbitration must be an "adequate substitute" for adjudication as a means of enforcing the parties' statutory rights, but "[o]rdinarily, by agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *McMahon*, 482 U.S. at 229–230, 107 S.Ct. at 2339, *citing Mitsubishi*, 473 U.S. at 628, 105 S.Ct. at 3354–55. The *Barrowclough* court also found that arbitrators were inappropriate decision-makers in ERISA cases because they were not bound to consider law or precedent in their decisions. *Mitsubishi* foreclosed consideration of that line of inquiry until the arbitrator has failed to take cognizance of the statutory cause of action. *Id.*, 473 U.S. at 636–37, and n. 19, 105 S.Ct. at 3358–59, and n. 19.

Most recently, the Second Circuit held that ERISA claims were non-arbitrable. *Bird v. Shearson Lehman/American Express, Inc.*, 871 F.2d 292 (2nd Cir.1989), *vacated* — U.S. ——, 110 S.Ct. 225, 107 L.Ed.2d 177 (1989). The Supreme Court vacated and remanded the *Bird* decision, directing the Second Circuit to reconsider its opinion in light of *Rodriguez de Quijas v. Shearson/American Express, Inc., supra*. *Shearson Lehman/American Express Inc. v. Bird*, — U.S. ——, 110 S.Ct. 225, 107 L.Ed.2d 177 (1989).[2] In *de Quijas*, the Court held claims under the 1933 Securities Act were arbitrable, overruling a decision the court said was "pervaded by

**2.** Thus, of the three appellate court decisions holding that ERISA claims are not arbitrable, one (*Bird*) has been rejected by the Supreme Court, one (*Amaro*) has been rejected by the

Eleventh Circuit, and the third (*Barrowclough*) rests on reasoning which appears to this court to have been rejected by the Supreme Court in *Mitsubishi, McMahon*, and *de Quijas*.

what Judge Jerome Frank called 'the old judicial hostility to arbitration'". *Rodriguez de Quijas v. Shearson/American Express, Inc.,* — U.S. at —, 109 S.Ct. at 1919–20, 104 L.Ed.2d at 534, *citing Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). The Court noted that view had steadily eroded over the years, most markedly in the *McMahon* and *Mitsubishi* decisions. *Id.* The *de Quijas* Court particularly noted the provisions in the 1933 Act providing for broad venue, nationwide service of process, and diversity jurisdiction without a minimum amount in controversy were present in other federal statutes which have not been interpreted to prohibit enforcement of pre-dispute agreements to arbitrate. *Id.,* — U.S. at —, 109 S.Ct. at 1920–21, 104 L.Ed.2d at 535. The court rejected the idea that provisions for exclusive jurisdiction or concurrent jurisdiction made any difference in the determination of congressional intent. *Id.* The court finally stressed the "strong language" of the Arbitration Act, and found the party opposing arbitration had not met his burden of showing a congressional intent to preclude waiver of judicial remedies where "[t]here is nothing in the record before us, nor in the facts of which we can take judicial notice, to indicate that the arbitral system ... would not afford the plaintiff the rights to which he is entitled". *Id.,* — U.S. at —, 109 S.Ct. at 1921, 104 L.Ed.2d at 536.

One circuit has found ERISA claims are arbitrable under the Arbitration Act. *See Arnulfo P. Sulit, Inc. v. Dean Witter Reynolds, Inc.,* 847 F.2d 475 (8th Cir.1988). In *Sulit,* the plaintiff claimed agreements to arbitrate ERISA claims were unenforceable under section 410(a) of ERISA.[3] Relying in substantial part on the reasoning of *McMahon,* the court held the plaintiff had not sustained his burden of showing that Congress intended ERISA claims to be non-arbitrable.[4]

Plaintiffs have not cited any specific language in the statute which would evidence a congressional intent to preclude resort to arbitration, except they comment that ERISA has provisions for exclusive federal district court jurisdiction.[5] A similar provision in the Exchange Act of 1934 providing for exclusive jurisdiction in federal district courts has been found not to preclude waiver of the judicial forum. *McMahon, supra.* Furthermore, the Supreme Court has indicated a provision for concurrent jurisdiction was immaterial to the determination of whether Congress intended to foreclose any waiver of a federal forum. *Rodriguez de Quijas v. Shearson/American Express, Inc.,* — U.S. at —, 109 S.Ct. at 1920–21, 104 L.Ed.2d at 535. Therefore, any claim that the jurisdictional language of ERISA evidences a congressional intent to foreclose arbitrability would appear to be untenable in light of *McMahon* and *de Quijas.*

The Supreme Court has considered and rejected concerns that arbitrators might lack experience with the applicable substantive law. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. at 634, n. 18, 105 S.Ct. at 3357, n. 18 and accompanying text; *see Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). Furthermore, plaintiff's claim that the New York Stock Exchange lacks congressional authority to arbitrate ERISA violations is irrelevant, since arbitrators derive their authority to resolve disputes from the agreement between the parties. 9 U.S.C. § 2, *see AT & T Technologies, Inc. v. Communications Workers of America,* 475 U.S.

---

**3.** 29 U.S.C. § 1110(a) provides as follows:

Except as provided in sections 1105(b)(1) and 1105(d) of this title, any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part shall be void as against public policy.

**4.** The court noted the textual language relied on by plaintiff did not support his claims, and further stated it examined the legislative history of the ERISA and found no evidence of an intent to foreclose waiver of judicial remedies.

**5.** ERISA provides that all civil actions under the act may be brought only in the federal district court, except that actions to recover benefits due or to enforce or clarify rights under the terms of the plan may be brought either in federal or state court. 29 U.S.C. § 1132(e)(1).

**1542**

643, 648–49, 106 S.Ct. 1415, 1418–19, 89 L.Ed.2d 648 (1986). The claim that there is no arbitration agreement with "the primary ERISA violator" (Janus) is also without merit since Shearson seeks only to arbitrate those claims plaintiff brings against Shearson. The Act does not leave discretion in this court to refuse enforcement of an otherwise valid arbitration agreement merely because the issues to be arbitrated are peripheral to the central controversy.

> "[F]ederal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement. Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement."

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. at 20, 103 S.Ct. at 939. (emphasis in original, footnotes omitted). To the extent plaintiff asserts the claims against Shearson are "cognizable at common law" and "wholly compatible with modern 10b–5 aiding and abetting case law", these claims are arbitrable under the law as established in *McMahon* and *Bird, supra.* This court is persuaded that plaintiffs have not met their burden of showing Congress intended that the judicial forum provisions of ERISA are not subject to waiver.

Shearson has moved the court to impose sanctions against the plaintiffs pursuant to Rule 11, Fed.R.Civ.P. The court is convinced, however, that the issues presented here are not so settled as to preclude the plaintiffs from raising them here without risking Rule 11 sanctions. The request for costs and attorney fees will be denied.

In accord with this opinion, a separate order staying the proceedings as to the plaintiffs' claims against Shearson and compelling arbitration will be entered.