Gerhard Syvrud filed a lawsuit against Peggy Ryder Vanover and A.G. Edwards Sons, Inc. (a securities company, hereinafter *Page 198 
referred to as "Edwards"). Vanover and Edwards jointly moved to compel arbitration of the dispute involved in the lawsuit; the court denied this motion and Edwards has appealed.
In January 1989, Syvrud opened an account with Edwards through Vanover, the branch manager of Edwards's office in Daphne, Alabama, for the purpose of investing in securities.
The issue before us relates to whether a controversy between Syvrud and the defendants regarding this account must be submitted to arbitration. Syvrud, before filing the action, had signed a customer agreement contract with Edwards that contained an arbitration provision requiring that "any controversy" between the parties be arbitrated.
Under federal law certain predispute arbitration agreements must be enforced irrespective of any state law that would render them unenforceable. See, 9 U.S.C. § 115; Ala. Code 1975, § 8-1-41; Wells v. Mobile County Bd. of Realtors, Inc.,387 So.2d 140, 144 (Ala. 1980) (stating that under § 8-1-41 Alabama holds void, on public policy grounds, predispute arbitration agreements). Syvrud argues that the arbitration provision is not enforceable, under an exception to this rule applicable where a claimant challenges the making of the arbitration provision itself.
The controversy underlying this case stems from Syvrud's loss of a significant amount of money in investments Vanover made on Syvrud's behalf. He states that he relied on Vanover's advice and that he gave her considerable discretion in investing his money. However, Syvrud says, Vanover did not adhere to his general directive that his money be invested conservatively; he also says that she failed to keep him informed and that she breached a fiduciary duty to him.
Syvrud alleges that some time after Vanover began, he says, improperly handling his investments, but before he was aware of any mismanagement, she obtained Syvrud's execution of the "customer agreement" contract. As stated, the customer agreement provided in part that Syvrud submit to arbitration "any controversies" with Edwards relating to his account.
According to Syvrud, Vanover explained to him that the customer agreement was for the purpose of allowing her to borrow against his Edwards account for investment on his behalf. By affidavit, Scott Kelsaw of Edwards stated that it was Edwards's policy to secure the execution of such an agreement before Edwards would approve loans against client accounts. Syvrud does not dispute this statement, but says that Vanover did not disclose to him that the agreement contained an arbitration provision and that, based on Vanover's explanation, and at her instigation, he signed it without reading it. Syvrud says that he did not intend to assent to an arbitration provision.
Syvrud sued Edwards and Vanover on a variety of claims relating to the handling of his account, but did not aver by complaint that the arbitration provision of the customer agreement was procured by fraud. Syvrud states that he was unaware of the existence of this provision until after he had filed suit.
After Syvrud filed his complaint, the defendants jointly moved for an order to compel arbitration, citing the arbitration provision. At that time, Syvrud did not amend his complaint, but, through a series of responses to the defendants' motion to compel arbitration, made a claim that Vanover had procured the arbitration provision by fraud through a breach of a fiduciary duty of disclosure. He said that, therefore, the arbitration provision was due to be rescinded and that he was entitled to litigate his claims.
The defendants submitted to the trial court a brief in support of their motion to compel arbitration. In it, they pointed to the existence of the arbitration provision and cited numerous cases for the proposition that the Federal Arbitration Act (FAA) applies in this case. The defendants correctly stated in their brief that where the FAA applies to a customer agreement that would require, by its terms, the arbitration of a controversy relating to a claim about *Page 199 
the valid creation of the customer agreement, e.g., a claim of fraud in the inducement, the claim must be submitted to arbitration. We note in this regard, that if fraud is alleged with respect to an arbitration provision itself, rather than toward the entire customer agreement that encompasses it, the claimant is not forced to arbitrate this claim under the FAA. Simply stated, if the fraud question relates solely to the valid creation of the requirement of arbitration, rather than the entire customer agreement, this claim can be litigated on state law contract principles to determine if the arbitration provision is to be rescinded. See, Jones v. Merrill Lynch,Pierce, Fenner Smith, Inc., [Ms. 891574, April 19, 1991], 1991 WL 82088 (Ala. 1991).
 The Arbitration Provision
On appeal, Syvrud's failure to attack the arbitration provision by his complaint fuels Edwards's argument that Syvrud did not challenge the creation of the arbitration provision itself. In this case there is no contention that the FAA does not apply and there is no question that the disputes in this case are encompassed within the language of the arbitration provision;[1] therefore, if the arbitration clause is valid, it will subject all of Syvrud's claims to arbitration. However, as stated, where a claim is directed to the creation of the arbitration requirement itself, that claim can be litigated; in such a case, arbitration cannot be forced. Id. Thus, the question to be resolved is whether Syvrud's claim was that the entire customer agreement was fraudulently procured or was directed toward the arbitration provision itself.
In his complaint, Syvrud averred, in pertinent part, that Vanover had breached a fiduciary duty of disclosure. The complaint does not refer to the arbitration provision or to the customer agreement. However, we emphasize that Syvrud alleges that he was, because of fraud by Vanover, unaware of the arbitration provision when he filed his complaint. Thereafter, Syvrud specifically made, without objection, a claim of fraud in the inducement as to the arbitration agreement; he made this claim through responses to the defendants' motion to compel arbitration, but he filed nothing expressly purporting to amend his complaint.
Edwards argues that the trial court erred in denying their motion to compel arbitration, because, first, they say that Syvrud never pleaded by complaint that the arbitration clause was secured by fraud in the inducement; they say that Syvrud had to do that to defeat the motion to compel arbitration; and second, they say that the trial court could not find that, as Syvrud alleged, he was defrauded as to the existence of the arbitration provision.
Edwards's first argument, that Syvrud did not challenge the creation of the arbitration provision because he failed toplead by complaint that the arbitration provision was procured by fraud, is not properly before us.
In the trial court Edwards allowed Syvrud, without objection, to raise the arbitration matter through responses to their motion to compel arbitration. Edwards did not assert in any way that the trial court was to determine the arbitration issue solely from the language of Syvrud's complaint. At no time did Edwards assert that Syvrud had failed to challenge the creation of the arbitration provision itself because he did not do so by complaint.[2]
Without commenting on the merits of Edwards's argument that Syvrud's complaint "must assert that the arbitration clause itself, standing apart from the whole agreement, was induced by fraud in order to defeat a motion to compel" and the *Page 200 
argument, by implication, that we are not to examine the record beyond the complaint, to determine the nature of his claim, we note that we have long held that we shall not review matters not raised in the trial court. See, Record Data Int'l, Inc. v.Nichols, 381 So.2d 1 (Ala. 1979). Therefore, we do not address this argument, because any trial court objection or error the defendants would assert as shown by this argument was not raised in the trial court. For this reason, we must leave intact the trial court's determination that the defendants' motion to compel arbitration was due to be denied, and the trial court's implicit, underlying determination that Syvrud made a claim of fraud in the creation of the arbitration provision itself, rather than in the creation of the customer agreement generally.
Although, as we shall explain, arguments relating to the sufficiency of the evidence are misplaced, we disagree with the Edwards's second argument, i.e., that the trial court could not find for Syvrud on the merits of his arbitration issue claim.
The record indicates that the defendants never answered[3] any of Syvrud's claims. With respect to the allegation that the arbitration agreement was procured by fraud, the defendant did not deny this allegation in any way or submit evidence that the fraud did not occur. Edwards points to the express wording of the customer agreement — "This is a binding contract. Read it carefully before signing" — and to the existence of the arbitration provision. This "evidence" begs the question. Conversely, Syvrud tendered an affidavit as evidence in support of his fraud claim; that affidavit would support a finding by the trial court that the arbitration provision was procured by fraud in the inducement.
However, because Edwards argues the sufficiency of the evidence on the fraud claim, and because the trial court ordered a trial on Syvrud's lawsuit in toto after denying the motion to compel arbitration, we assume that there is some confusion as to the effect of the trial court's denial of the defendants' motion.
First, we note that the trial court did not enter a judgment or order on the merits of Syvrud's claim that the arbitration clause had been procured by fraud. The denial of a motion to compel arbitration is not the same thing as a judgment in favor of Syvrud on his arbitration claim; i.e., it is not a judgment rescinding the arbitration provision. In ruling on the motion to compel arbitration, the trial court is to determine the nature of the claim, and in adjudicating Syvrud's claim that the arbitration clause was procured by fraud the court is to examine the nature and sufficiency of the evidence.
This is not to say that one cannot move for, or that a court cannot make, a summary disposition of such a claim. This is to say that this did not occur here. There is no indication that Syvrud's arbitration issue was adjudicated; there are no findings of fact and no order or judgment purporting to address the merits of that claim. We may assume findings of fact necessary to support a trial court's judgment, Smith v.Citicorp Person-to-Person Financial Centers, Inc.,477 So.2d 308, 309 (Ala. 1985), but, by implication, we cannot presume findings of fact without a judgment. This is true even though we may speculate that here, the trial court intended to rule in favor of Syvrud on the merits of his arbitration-clause claim because it ordered a trial of his entire lawsuit. The trial court cannot do this in the absence of an adjudication of the arbitration-clause issue and a determination favorable to Syvrud.
We must conclude that the trial court has not adjudicated Syvrud's arbitration-clause claim, and to the extent that the trial court ordered a trial of Syvrud's entire lawsuit, we reverse the order of the trial court.
As we have stated, where the FAA applies, arbitration is strongly favored, so strongly that any doubts about *Page 201 
whether a dispute was intended to be subject to an arbitration provision must be resolved in favor of arbitration. Ex parteWarrior Basin Gas Co., 512 So.2d 1364, 1368-1370 (Ala. 1987). This federal policy cannot be met if a trial court permits all the claims of a person opposing arbitration to be adjudicated, without first determining that the parties did or did not intend arbitration, which is the issue on a claim of fraudulent inducement as to the arbitration provision. To allow this would be to allow that person to effectively nullify an arbitration provision by merely making a claim that it was procured by fraud.
In Prima Paint Corp. v. Flood Conklin Mfg. Co.,388 U.S. 395, 403-04, 87 S.Ct. 1801, 1806, 18 L.Ed.2d 1270 (1967), the United States Supreme Court stated that "if the claim is fraud in the inducement of the arbitration clause itself — an issue which goes to the 'making' of the agreement to arbitrate — the federal court may proceed to adjudicate it." (Emphasis added.) In Jones we stated that where this is the claim, "the party opposing arbitration is entitled to a trial involving state law issues relating to the making of the arbitration clause."Jones, 1991 WL 82088 *5. (Emphasis added.) See also, SouthsideInternists Group PC Money Purchase Pension Plan v. JanusCapital Corp., 741 F. Supp. 1536 (N.D.Ala. 1990) (holding that when a court is considering the validity of an arbitration provision it may not consider any claims except those relating to the validity of the arbitration clause).
We construe those decisions as holding that where one is permitted, under the FAA, to adjudicate a claim about the validity of the arbitration clause, then any other arbitrable claims of the party opposing arbitration are properly stayed pending the outcome; the denial of a motion to compel arbitration does not mean that one may proceed to trial on his or her other claims, but that he or she may proceed to adjudicate the arbitration issue.
Syvrud does not dispute that the language of the arbitration provision encompasses his other claims. If it is determined that the arbitration provision was procured by fraud, then, as requested by Syvrud, the appropriate remedy is rescission of that portion of the customer agreement; if that provision is rescinded, then Syvrud's remaining claims may be litigated. If, on the other hand, it is determined that the arbitration provision was not procured by fraud, then Syvrud must submit his remaining claims to arbitration.
 Retroactivity
The parties agree that the literal language of the arbitration provision has the effect of forcing a controversy between the parties into arbitration, even if the underlying customer agreement was executed after the controversy arose. The arbitration provision in this case purports to apply to "any controversy" between the parties.
Nevertheless, Syvrud argues here, as he did in the trial court, that the defendants cannot enforce the arbitration provision as to controversies that arose before the execution of the agreement providing for arbitration. Consistent with this reasoning, even if it were found that the arbitration provision was validly created, its operative date would come after many of the matters complained of occurred, so that Syvrud could litigate some of his claims even if the arbitration provision is adjudged to be valid.
Syvrud's arguments relating to whether arbitration is precluded because of the effective date of the arbitration provision have not been addressed in the trial court. Simply stated, at this juncture there is nothing on the purported issue before us. Nevertheless, we point out that Syvrud's arguments in this regard would not receive a favorable review if they were properly before us.
For example, Syvrud argues that Alabama law does not permit enforcement of predispute arbitration agreements at all and would not, in any event, allow them to be enforced retroactively. Syvrud also argues that the FAA forbids the retroactive application of an arbitration agreement. We disagree.
Where the FAA applies, Alabama law is preempted insofar as it purports to reject *Page 202 
the specific enforcement of a predispute arbitration agreement on public policy grounds. See, Shearson/American Exp., Inc. v.McMahon, 482 U.S. 220, 225-27, 107 S.Ct. 2332, 2336-38,96 L.Ed.2d 185 (1987); Ala. Code 1975, § 8-1-41; Wells,387 So.2d at 144.
As to the FAA and the retroactive application of arbitration agreements, we find that the language in 9 U.S.C. § 2 cited by Syvrud would not dictate Syvrud's conclusion,[4] nor does Syvrud cite any case in support of this contention.
Given the foregoing, we affirm the trial court's denial of the motion to compel arbitration, we reverse the trial court's order to the extent that it permits Syvrud a trial of any issues other than the arbitration-clause issue at this time, and we remand this cause for an adjudication of that issue.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and SHORES and HOUSTON, JJ., concur.
MADDOX, J., concurs in the result.
[1] If a claim or controversy is not the sort to which the arbitration provision applies, then necessarily it is not subject to arbitration.
[2] Furthermore, Edwards does not argue on appeal that an examination of Syvrud's other filings, outside of or in conjunction with his unamended complaint, indicate that he was generally attacking the customer agreement rather than the arbitration provision itself. Thus, we emphasize that this is not a question we address here. See, Bogle v. Scheer,512 So.2d 1336 (Ala. 1987) (discussing the nonreviewability of an issue not raised on appeal).
[3] See Ala.R.Civ.P. 12(a). An answer must be filed 30 days from service of a complaint. In addition, where a preanswer motion is filed, this time limit is altered, but the requirement of an answer remains if the motion is denied before trial.
[4] This section provides that "a contract evidencing a transaction involving interstate commerce to settle by arbitration a controversy . . . arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract."