The defendant, A.J. Taft Coal Company, Inc. ("Taft Coal"), appeals from the denial of its request for arbitration and its motion to stay in an action alleging trespass and nuisance.[1]
On August 25, 1983, Sam Randolph; J.P. Randolph and his wife, Anita Randolph; Bud Randolph and his wife, Mary Florene Randolph; Annabelle Turner and her husband, Norman Turner; Jimmie Courington and her husband, Bobby Courington; and Larry Canady entered into an agreement with Taft Coal, wherein they agreed to lease the surface mining rights on their property in Walker County, Alabama, to Taft Coal. The lease provided, in part, that Taft Coal "shall have the privilege of building, maintaining and using roads over lands belonging to the Lessor which are contiguous to those hereinabove described that may be necessary for the convenient transportation of any coal mined under the provisions hereof. . . ." The lease agreement also contained an arbitration provision. The lease agreement was for a five-year period, ending on August 25, 1988, "with an option given by the Lessor to renew this lease for a period of three (3) years." The record is silent as to whether the option was exercised.
On November 20, 1990, the plaintiffs, Sam Randolph, J.P. Randolph, Jimmie R. Courington, and Annabelle R. Turner, sued *Page 397 
Taft Coal, seeking damages for trespass and nuisance beginning "August 25, 1983, and continuing thereafter." The plaintiffs specifically alleged that Taft Coal built and maintained roads over the plaintiffs' lands in order to haul coal from the lands of another person who was not a party to the surface lease agreement. The trial court denied Taft Coal's request for arbitration and its motion to stay, and Taft Coal appeals.
Taft Coal alleges that this dispute arose out of the lease agreement; it argues that the agreement involves interstate commerce and that, therefore, the Federal Arbitration Act ("FAA") applies. Specifically, Taft Coal argues that the lease agreement has a sufficient nexus with interstate commerce because, it argues, some of the parties to the lease agreement were not Alabama residents, one of the parties to the lease agreement signed the agreement in Illinois, and Taft Coal mailed payments to the out-of-state residents through the United States mail. The plaintiffs argue that the lease agreement expired before this dispute arose and, therefore, that Taft Coal cannot enforce the arbitration provision.
The FAA applies to a transaction within this state if the contract involves interstate commerce and contains an arbitration clause voluntarily entered into by the parties.Ex parte Alabama Oxygen Co., 452 So.2d 860 (Ala. 1984). The slightest nexus of an agreement with interstate commerce will bring the agreement within the FAA. Maxus v.Sciacca, 598 So.2d 1376 (Ala. 1992); Ex parte Costa Head (Atrium), Ltd., 486 So.2d 1272 (Ala. 1986). The right to arbitration of disputes arising during the term of an agreement continues beyond the termination of the agreement.Ex parte Costa Head, supra.
Based on the allegations in the complaint, we hold that this dispute arose out of the lease agreement and that, under Exparte Costa Head, supra, even though the lease agreement may have expired at the time this complaint was filed, the parties may enforce the arbitration agreement if the contract has the required nexus with interstate commerce. Having concluded that this dispute arose out of the lease agreement, we will now address whether the agreement involved a nexus with interstate commerce so as to bring it within the coverage of the FAA.
In Maxus v. Sciacca, supra, we held that the agreement involved in that case had a nexus with interstate commerce, because the agreement involved the purchase and installation of materials and equipment manufactured in, and procured from, many states; because the materials were shipped by common carriers across state lines into Alabama and were ordered and paid for by using the United States mails, telephones, and interstate financial transaction settlement procedures and institutions; and because the escrow funds were held, paid out, and invested by a national banking association using the United States mails, telephones, and interstate transaction settlement procedures.
In the instant case, the property that is the subject of the lease agreement is located in Alabama and the surface mining described in the lease agreement was to be performed in Alabama. The facts that one of the parties to the lease agreement signed the agreement in Illinois, that some of the parties to the agreement were not residents of Alabama, and that the payments under the agreement were mailed through the United States mail do not alone provide the nexus with interstate commerce required to bring the agreement within the ambit of the FAA. Accordingly, we conclude that the trial court properly denied Taft Coal's request for arbitration and its motion to stay.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.
[1] The plaintiffs also alleged breach of contract. That claim was voluntarily dismissed and is not the subject of this appeal. *Page 398