The plaintiff, Garikes, Wilson, and Atkinson, Inc. ("Garikes"), appeals from a summary judgment in favor of the defendant, the Episcopal Foundation of Jefferson County (the "Foundation").
At issue is whether a contract between Garikes (an architectural firm) and the Foundation involves interstate commerce and thus, invokes federal law that would render an arbitration provision in the contract enforceable.
The following facts are undisputed:
The Foundation, located in Jefferson county, is a non-profit Alabama corporation. It owns St. Martin's-in-the-Pines, a retirement community located in Birmingham. Garikes is an Alabama corporation with its place of business in Birmingham.
On July 8, 1985, the Foundation contracted with Garikes for "design and construction administration services" related to an addition to St. Martin's-in-the-Pines. This contract was negotiated and executed in Alabama.
Also, this contract contained a predispute arbitration agreement. Such agreements are unenforceable under Alabama law. Ala. Code 1975, § 8-1-41. However, if a contract containing a predispute arbitration provision involves interstate commerce and the provision is voluntarily agreed to, then the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA"), applies. Where the FAA applies, it preempts Alabama law. See Ex parteAlabama Oxygen Co., 433 So.2d 1158 (Ala. 1983) (Maddox, J., dissenting), review after remand from United States Supreme Court, 452 So.2d 860 (Ala. 1984) (adopting views expressed in Justice Maddox's original dissent); A.G. Edwards Sons, Inc.v. Syvrud, 597 So.2d 197 (Ala. 1992). Under the *Page 449 
FAA, a predispute arbitration agreement is enforceable.Id.
After the addition was constructed, a dispute arose over a heating and cooling system. The Foundation sought arbitration of the dispute. Garikes sued, seeking to enjoin arbitration. Garikes argued that Alabama law, rather than the FAA, applies, because, it says, the contract did not involve interstate commerce. Under Alabama law, the arbitration provision would be unenforceable.
The Foundation correctly argues that even the "slightest nexus" of an agreement with interstate commerce will bring the agreement within the scope of the FAA. Ex parte Costa Head(Atrium), Ltd., 486 So.2d 1272, 1275 (Ala. 1986); Ex parte BriceBuilding Co., 607 So.2d 132 (Ala. 1992). As proof of the interstate nature of the contract, the Foundation cites the following provisions; these provisions relate to another
contract, one between the Foundation ("owner") and the project contractor:
 "1.5.8 The issuance of a certificate for payment shall constitute a representation by the architect to the owner, based on the architect's observations at the site . . . and on the data comprising the contractor's application for payment, that the work has progressed to the point indicated; that, to the best of the architect's knowledge, information, and belief, the quality of the work has progressed to the point indicated; that to the best of the architect's knowledge, information, and belief, the quality of the work is in accordance with the contract documents . . . and the contractor is entitled to payment. . . .
 "1.5.9 The architect shall be the interpreter of the requirements of the contract documents and the judge of the performance thereunder by both the owner and the contractor. The architect shall render interpretations necessary for the proper execution of the progress of the work . ..
". . . .
 "1.5.12 The architect shall have the authority to reject work which does not conform to the contract documents. . . . [T]he architect will have the authority to require special inspection or testing of the work in accordance with the provisions of the contract document. . . .
 "1.5.13 The architect shall review and approve or take other appropriate action upon the contractor's submittals such as shop drawings, product data and samples. . . .
 "1.5.14 The architect shall prepare change orders for the owner's approval and execution in accordance with the contract documents. . . ."
Nothing in these provisions shows a nexus, even a slight one, between the contract at issue and interstate commerce. We cannot determine with specificity or precision from these provisions what it was that Garikes was to administer, much less whether it was to administer anything relating to interstate commerce. Other matters that might shed light on this question are not before us. For example, the parties do not indicate whether the contractor was an in-state or an out-of-state contractor, and the terms of the contractor's contract are not in the record.
We certainly cannot conclude that, as the Foundation argues, there was some contractual link between Garikes and the contractor's purported use of out-of-state materials.
The Foundation makes additional arguments and factual allegations. However, as to those that are are relevant, the Foundation failed to comply with Ala.R.App.P. 28(a). Accordingly, we do not discuss these arguments and allegations.
Based on the foregoing, the judgment of the trial court is reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur. *Page 450