The defendants, First Real Estate Corporation of Alabama, Inc., and Evelyn Long ("First Real Estate"), appeal from the denial of their request for arbitration.
The dispositive issue is whether the management agreement between the parties involved interstate commerce so that the Federal Arbitration Act ("FAA") would be applicable.
Brown Marx Tower Limited Partnership ("Brown") and Bell Building Group, Inc. ("Bell"), entered into separate management agreements with First Real Estate for the management of the Brown Marx Tower Building in Birmingham, Alabama, and the Bell Building in Montgomery, Alabama. Brown is a limited partnership, organized and existing under the laws of the State of New York, with its principal place of business in New York. Bell is an Alabama corporation, with its principal place of business in New York. First Real Estate is an Alabama corporation, doing business primarily in Jefferson County, Alabama. The management agreements for the Brown Marx Tower Building and the Bell Building were negotiated in Alabama. Under the management agreements, First Real Estate was to act in a fiduciary capacity to manage the property, tenants, and rents in a reasonable and competent manner and to actively use its best efforts to obtain new tenants.
Brown and Bell sued First Real Estate, alleging fraud, breach of contract, breach of fiduciary duty, gross negligence, and interference with business relations, all of which would have occurred within Alabama and arose out of obligations that were to be fulfilled solely in Alabama.
In order for the FAA to apply, the agreement or contract must involve interstate commerce and must contain an arbitration clause that was voluntarily entered into by the parties.A.J. Taft Coal Co. v. Randolph, 602 So.2d 395 (Ala. 1992). "The slightest nexus of an agreement with interstate commerce will bring the agreement within the FAA." A.J. Taft Coal, supra, at 397.
We have reviewed the record and find that the agreements had no nexus with interstate commerce. The mere use of the telephone and mail by persons in different states to communicate about activity that is purely local is too slight to constitute such a nexus. See Taft Coal, supra. Accordingly, we conclude that the trial court properly denied First Real Estate's request for arbitration.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.