I respectfully dissent. I disagree with the majority as to the applicable test for determining whether a transaction involves interstate commerce for purposes of the FAA. I also believe that the stock purchase agreement containing an arbitration clause involves interstate commerce and, therefore, that the trial court properly granted the motion to compel arbitration.
 I.
In determining whether a transaction involves interstate commerce, I believe that the "slightest nexus" test set forth in Ex parte Costa Head (Atrium), Ltd., 486 So.2d 1272 (Ala. 1986), and not the "contemplation" test set forth in Ex parteWarren, 548 So.2d 157 (Ala.), cert. denied sub nom. Jim SkinnerFord, Inc. v. Warren, 493 U.S. 998, 110 S.Ct. 554,107 L.Ed.2d 550 (1989), provides the proper analysis. See Warren, 548 So.2d at 160-63 (Maddox, J., dissenting). Although the majority concludes "that Warren represents a more reasoned approach than the Costa standard," 628 So.2d at 318, the majority also recognizes that Warren "had a very limited applicability, as was indicated by the Warren opinion itself and as subsequent cases suggested." 628 So.2d at 318.
Indeed, Warren's "contemplation" test has been applied in only two contexts — those involving automobile sales contracts between dealers and consumers, see Warren and Ex parteWilliams, 555 So.2d 146 (Ala. 1989), and those, like this present case, involving stock purchase agreements. See Ex parteClements, *Page 319 587 So.2d 317 (Ala. 1991). That this Court has applied the "contemplation" test sparingly indicates "thatWarren has a 'narrow application.' " Ex parte Brice BuildingCo., 607 So.2d 132, 134 (Ala. 1992) (quoting in part Roscoe v.Jones, 571 So.2d 1043, 1046 (Ala. 1990)). In contrast, in addition to cases involving construction contract disputes, such as Brice Building Co., this Court has also recently applied the "slightest nexus" test in a number of other contexts. See First Real Estate Corp. of Alabama, Inc. v. BrownMarx Tower Ltd., 620 So.2d 648 (Ala. 1993) (real estate management agreement); Circle "S" Industries, Inc. v. Berryman,613 So.2d 329 (Ala. 1993) (consent judgment involving agreement not to compete); Garikes, Wilson, Atkinson, Inc. v. EpiscopalFoundation of Jefferson County, Inc., 614 So.2d 447 (Ala. 1993) (contract for architectural services); and A.J. Taft Coal Co.v. Randolph, 602 So.2d 395 (Ala. 1992) (mining lease).
Because this Court had already adopted the "slightest nexus" test in Costa Head, its adoption of the "contemplation" test in Warren has been criticized as "creating a double standard." Stanley D. Bynum J. David Pugh, EnforcingArbitration Agreements in Alabama: A Double Standard Dilemma, 54 Ala. Law. 38, 43 (January 1993). Bynum and Pugh wrote thatCosta Head "brought Alabama law generally in line with the majority of other jurisdictions" but that Warren "is inconsistent with all other jurisdictions that have addressed the issue." Id. at 38-39 and 41. The authors particularly criticized Warren's "contemplation" test for its subjectivity.Id. at 43.
I do not think that the United States Supreme Court's denial of the petition for certiorari in Warren should be viewed as that Court's imprimatur of the "contemplation" test, because a denial of a petition for certiorari review has no significance in regard to the merits. Parker v. Ellis,362 U.S. 574, 576, 80 S.Ct. 909, 911, 4 L.Ed.2d 963 (1960).[2]
Based on the foregoing, I believe that the "slightest nexus" test gives more effect to Congress's intent in enacting the FAA, which was "to provide for the enforcement of arbitration agreements within the full reach of the Commerce Clause." Perry v. Thomas, 482 U.S. 483, 490,107 S.Ct. 2520, 2525-26, 96 L.Ed.2d 426 (1987). I am unwilling to overrule recent, well-reasoned cases applying the test this Court adopted in Costa Head.
 II.
Regarding whether the arbitration agreement in this case is enforceable, I note that "[a]rbitration clauses contained in contracts involving stock purchases are enforceable."Warren, 548 So.2d at 161 n. 2 (Maddox, J., dissenting) (citingShearson/American Express, Inc. v. McMahon, 482 U.S. 220,107 S.Ct. 2332, 96 L.Ed.2d 185 (1987)). I believe that the stock purchase agreement in this case had at least the "slightest nexus" with interstate commerce, so that the arbitration agreement is specifically enforceable pursuant to the FAA. Consequently, I must respectfully dissent.
INGRAM, J., concurs.
[2] For example, last year the United States Supreme Court denied a petition for certiorari review raising the issue of whether the principle of Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), applies to gender-based peremptory strikes, Murphy v. State, 596 So.2d 42 (Ala.Cr.App. 1991),cert. denied, ___ U.S. ___, 113 S.Ct. 86, 121 L.Ed.2d 49
(1992), but in another case that Court has recently granted a certiorari petition raising the same issue. J.E.B. v. State,606 So.2d 156 (Ala.Civ.App. 1992), cert. granted, ___ U.S. ___, 113 S.Ct. 2330, 124 L.Ed.2d 242 (1993).