Matthew ECKEL and Jacqueline
Eckel, Plaintiffs,

v.

EQUITABLE LIFE ASSURANCE
SOCIETY OF THE UNITED
STATES, Defendant.

No. 97–CV–60202–AA.

United States District Court,
E.D. Michigan,
Southern Division.

May 18, 1998.

Ralph E. Musilli, Dennis M. Fuller, Musilli, Baumgardner, St. Clair Shores, MI, for Plaintiffs.

Clarence L. Pozza, Thomas R. Cox, Detroit, MI, for Defendant.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

HACKETT, District Judge.

■ On July 1, 1997, plaintiffs filed the above-captioned case claiming that after defendant terminated plaintiff Matthew Eckel's employment, defendant failed to notify plaintiff of his right to receive continued group health plan benefits as required by ERISA and COBRA, 29 U.S.C. § 1161, *et seq.* However, plaintiffs' claims are subject to an arbitration agreement entered into between plaintiff Matthew Eckel and defendant on June 24, 1991.[1] In fact, shortly after filing

---

1. Plaintiff Jacqueline Eckel is a party to this suit because she was listed as a dependent under her husband Matthew Eckel's insurance policy. As such, her claims are derivative of her husband's

this action, plaintiff Matthew Eckel submitted his claims to arbitration before the National Association of Securities Dealers (NASD) pursuant to a uniform submission agreement dated August 11, 1997. Count VI of the arbitration claim for alleged failure to inform of COBRA benefits is the same as plaintiffs' allegations in this suit. Accordingly, defendant argues that plaintiffs' claims must be arbitrated and the present litigation stayed or dismissed without prejudice. For the following reasons, this case shall be dismissed without prejudice.

The Federal Arbitration Act (FAA) provides for the compulsory arbitration of disputes covered by a valid arbitration agreement. 9 U.S.C. § 2; *see also Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). Furthermore, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). If the matter at issue can be construed as within the scope of the arbitration agreement, it should be so construed unless the matter is expressly exempted from arbitration by the contract terms. *United Steelworkers of Am. v. Mead Corp.*, 21 F.3d 128, 131 (6th Cir.1994).

Clearly, plaintiff's arbitration agreement encompasses the claims made here, considering his uniform submission agreement includes the very same allegations. Nonetheless, plaintiffs maintain that this ac-

tion is properly before the court because "the issue of Employer Compliance with the Federal requirements under Cobra are [sic] in fact preempted by Federal law as set forth in *29 U.S.C. § 1144 et seq.*"

Although the Sixth Circuit has not addressed the narrow issue of whether ERISA preempts arbitration under the FAA, the majority of courts considering the issue have held that disputes arising under ERISA, including COBRA claims, are subject to arbitration under the FAA. *See Kramer v. Smith Barney*, 80 F.3d 1080, 1084 (5th Cir.1996); *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1115-16 (3d Cir. 1993); *Bird v. Shearson Lehman/American Express, Inc.*, 926 F.2d 116, 122 (2d Cir.), *cert. denied*, 501 U.S. 1251, 111 S.Ct. 2891, 115 L.Ed.2d 1056 (1991); *Arnulfo P. Sulit, Inc. v. Dean Witter Reynolds, Inc.*, 847 F.2d 475, 479 (8th Cir.1988); *Peruvian Connection, Ltd. v. Christian*, 977 F.Supp. 1107, 1111 (D.Kan.1997); *Rovak v. PII Employee Benefit Trust*, No. 92 C 6079, 1993 WL 532501, at *4-*5 (N.D.Ill.Dec.20, 1993); *Fabian Fin. Serv. v. Kurt H. Volk, Inc. Profit Sharing Plan*, 768 F.Supp. 728, 733-34 (C.D.Cal.1991); *Southside Internists Group PC Money Purchase Pension Plan v. Janus Capital Corp.*, 741 F.Supp. 1536, 1541-42 (N.D.Ala.1990); *Glover v. Wolf, Webb, Burk & Campbell, Inc.*, 731 F.Supp. 292, 293 (N.D.Ill.1990). Accordingly, based on the great weight of authority and the clear trend in recent cases, the court rejects plaintiffs' argument that ERISA's preemption provision bars enforcement of agreements that otherwise require arbitration of claims arising under ERISA.

For the aforementioned reasons, this case hereby is DISMISSED WITHOUT PREJUDICE pending arbitration of plaintiffs' claims.[2]

SO ORDERED.

---

and also subject to arbitration. *See Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1122 (3d Cir.1993) ("arbitration agreements may be upheld against non-parties where the interests of such parties are directly

related to, if not congruent with, those of a signatory").

2. As stated above, plaintiff Jacqueline Eckel's claims may be compelled to arbitration because

although she "did not sign the agreement, her interests and claims are essentially identical to" her husband's. *Bird v. Shearson Lehman/American Express, Inc.*, 926 F.2d 116, 121 (2d Cir.), *cert. denied*, 501 U.S. 1251, 111 S.Ct. 2891, 115 L.Ed.2d 1056 (1991). Moreover, even if Mr. Eckel's arbitration agreement is not enforceable against Mrs. Eckel, "courts have uniformly held that the arbitrability of the arbitrable claim is not to be defeated or delayed because it is joined in the litigation with other issues not subject to arbitration." *In re Mercury Constr. Corp.*, 656 F.2d 933, 940 (4th Cir.1981), *aff'd*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Thus, "an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).