607 So.2d 132 (1992)
Ex parte BRICE BUILDING COMPANY, INC.
(Re ZAMORA SHRINE TEMPLE, A.A.O.N.M.S. and Zamora Shrine Temple Association v. BRICE BUILDING COMPANY, INC., et al.)
BRICE BUILDING COMPANY, INC.
v.
ZAMORA SHRINE TEMPLE, A.A.O.N.M.S., and Zamora Shrine Temple Association.
1910190, 1910214.
Supreme Court of Alabama.
July 17, 1992.
Rehearing Denied October 30, 1992.
William S. Fishburne III and Stephanie R. White of Sadler, Sullivan, Herring & Sharp, P.C., Birmingham, for petitioners/appellants.
Warren B. Lightfoot, William R. Lucas, Jr., E. Glenn Waldrop, Jr. and S. Douglas Williams, Jr. of Lightfoot, Franklin, White & Lucas, Birmingham, for respondents/appellees.
KENNEDY, Justice.
These cases involve an issue of whether Alabama law is applicable in this case to a controversy about a predispute arbitration agreement or whether, instead, the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA"), must be applied.
At the outset we note that this case is before this court both on appeal and on a petition for a writ of mandamus filed by the defendant, Brice Building Company, Inc. ("Brice"). Both relate to the same matter; Brice seeks review of an order of the trial court denying Brice's motion to compel arbitration of claims in a lawsuit filed against it by the plaintiffs, Zamora Shrine Temple, A.A.O.N.M.S. ("Zamora"), *133 and Zamora Shrine Temple Association. We consider the question to be properly before the court on the appeal; therefore, the petition for writ of mandamus is moot and is due to be dismissed.[1]
The record indicates the following facts.
Zamora is an unincorporated charitable and fraternal organization located in Jefferson County, Alabama. Zamora entered into a contract with an architectural firm located in Jefferson County, for design and supervisory services related to the construction of a Zamora office and headquarters complex (the "mosque") to be built in Jefferson County. Zamora then entered into a construction contract with Brice, a Delaware corporation, which has its principal place of business in Jefferson County. This construction contract incorporated material and design specifications that provided for the use, in certain instances, of building materials manufactured by specific out-of-state companies, and provided that an ornamental dome that would sit atop the mosque would be fabricated by and erected under the direction of a Torrence, California, company "or approved equal manufacturer." The contract also contained a predispute arbitration agreement providing that claims and disputes between Brice and Zamora would be, with exceptions not pertinent here, submitted to arbitration.
According to Zamora, about a year after completion of the mosque, the roof and walls of the mosque began to leak, resulting, Zamora says, in serious structural damage.
Zamora sued Brice regarding the alleged damage, and Brice moved to compel arbitration, invoking the arbitration clause in the parties' contract. The trial court denied Brice's motion.
Brice argues that the FAA applies to this case and preempts Alabama law; therefore, it says, the trial court erred in failing to apply FAA principles in determining the enforceability of the arbitration agreement.
The FAA was enacted to "revers[e] centuries of judicial hostility to arbitration agreements." Scherk v. Alberto-Culver Co., 417 U.S. 506, 510, 94 S.Ct. 2449, 2453, 41 L.Ed.2d 270 (1974), by "plac[ing] arbitration agreements `upon the same footing as other contracts.'" 417 U.S. at 511, 94 S.Ct. at 2453. (Citation omitted.)
The FAA applies where the parties' contract "was one involving interstate commerce... and the contract contained an arbitration agreement voluntarily entered into by the parties." Ex parte Warren, 548 So.2d 157, 159 (Ala. 1989), cert. denied sub. nom. Jim Skinner Ford, Inc. v. Warren, 493 U.S. 998, 110 S.Ct. 554, 107 L.Ed.2d 550 (1989). Where it applies, the FAA serves to preempt any state law purporting to deny the enforcement of a predispute arbitration agreement, on public policy grounds, and provides for the enforcement of arbitration agreements. A. G. Edwards & Sons, Inc. v. Syvrud, 597 So.2d 197 (Ala. 1992). Under Alabama law, for example, predispute arbitration agreements cannot be specifically enforced. Ala.Code 1975, § 8-1-41. As early as 1840, this Court stated that "[a] mere agreement to decide a controversy by arbitration cannot be enforced at law, or in equity, because no one can effectually waive his right to have his suits determined [by] the ... Courts." Bozeman v. Gilbert, 1 Ala. 90, 91 (1840).
Zamora argues that there was insufficient interstate involvement in its contract with Brice to make the FAA applicable. Zamora says, correctly, that if the FAA is not applicable, then the question of the enforceability of the arbitration provision is controlled by Alabama law.
The parties disagree as to the standard for determining whether the case involved "interstate commerce."
Brice says that Ex parte Costa & Head (Atrium), Ltd., 486 So.2d 1272, 1275 (Ala. 1986), is determinative. In Costa we stated that "[t]he requirement of the FAA that an arbitration agreement `involve interstate commerce' has been construed very broadly *134 so that the slightest nexus of the agreement with interstate commerce will bring the agreement within the ambit of the FAA." Costa involved a construction contract between Costa and Duncan, Inc., for a building to be constructed in Alabama. The contract contained a predispute arbitration agreement. Duncan had its principal place of business in Knoxville, Tennessee. Duncan's parent company was a New York corporation with its principal place of business in Rochester, New York. Costa was a limited partnership composed in part of limited partners from outside Alabama. We held that the arbitration agreement between the parties involved interstate commerce and that the FAA applied.
Zamora asserts that Ex parte Warren, 548 So.2d at 157, implicitly overruled Costa to the extent that it states the standard for determining whether sufficient interstate commerce is involved.
In Warren the parties had entered an automobile sales contract that contained a predispute arbitration agreement; the defendant sought to compel arbitration of the issues involved in a lawsuit arising out of that agreement. We noted that although the vehicle in question was manufactured outside the State of Alabama, the sale of the vehicle "was solicited, transacted, and executed wholly within the State of Alabama," between Alabama residents and a Delaware corporation whose principal place of business was within Alabama. Id. at 158-59. In the Warren case, we applied the following standard for determining whether interstate commerce was involved: "`whether at the time [the parties] entered into [the contract] and accepted the arbitration clause, they contemplated substantial interstate activity.'" 548 So.2d at 160, citing Metro Industrial Painting Corp. v. Terminal Construction Co., 287 F.2d 382, 387 (2d Cir.1961) (Lumbard, Chief Judge, concurring) (emphasis in original). We stated that "under the narrow factual context of this case, there is no basis for invoking the FAA." Id. We held in Warren that the FAA did not apply to the arbitration agreement because "purely state law [was] in question."
The Warren case was expressly addressed by this Court with regard to its "narrow factual context." Implicitly, we have recognized that the Costa standard, rather than the Warren standard, is the appropriate standard to utilize within the factual context of this case.
In H.L. Fuller Const. Co. v. Industrial Dev. Bd. of Town of Vincent, 590 So.2d 218 (Ala.1991), decided after Warren, we restated the Costa standard. H.L. Fuller Const. involved a construction contract that contained an arbitration provision, as does the contract in the present case. We restated the Costa standard, but did not go on to apply it, because there was no issue in that case of the applicability of the FAA.
In Roscoe v. Jones, 571 So.2d 1043 (Ala. 1990), another construction contract case, we reemphasized that Warren has a "narrow application." Id. at 1046.
We conclude that the Costa standard is the appropriate standard for determining the involvement of interstate commerce in this case, and now turn to the facts of this case as they relate to this standard.
The record indicates that Zamora, based in Jefferson County, Alabama, contracted with an Alabama architect and an Alabama-based builder for the design and construction of a building in Alabama. It is undisputed that the contract negotiation and execution occurred solely in Alabama. However, it is also undisputed that the contract provided for Brice's use of specific building materials from out-of-state manufacturers and provided for the use of a California subcontractor for the dome work, unless Brice later obtained "approval" for a different subcontractor. While we might conclude that the connection between that contract and interstate commerce was tenuous, we must concede that it had, nonetheless, at least a "slight nexus." Under Costa, the trial court could not properly find that the FAA did not apply.[2]
*135 We reverse and remand this case for the trial court to issue an order on Brice's motion to compel, consistent with the FAA and the body of case law interpreting it.
1910190PETITION DISMISSED.
1910214REVERSED AND REMANDED WITH INSTRUCTIONS.
MADDOX, SHORES, ADAMS and HOUSTON, JJ., concur.
NOTES
[1] For a discussion of the proper procedure for challenging a determination on a motion to compel arbitration under the FAA, See A.G. Edwards & Sons, Inc. v. Clark, 558 So.2d 358, 360 (Ala. 1990).
[2] Although the trial court did not specifically state this as the basis of its denial of the motion to compel arbitration, this was obviously the basis of the trial court's denial. Given the facts of this case and the claims and contentions of the parties, it is evident that the trial court found, in effectively determining that none of Zamora's claims were arbitrable, that the FAA did not apply and that Alabama law would not enforce the agreement to arbitrate.

However, Zamora made claims and arguments in the trial court beyond asserting that the FAA did not apply. Zamora argued also, for example, that if the FAA did apply, arbitration was not mandated by the FAA as to a fraud claim. Because such issues were apparently pretermitted by the trial court's decision that the FAA did not apply, these issues remain to be resolved by the trial court, consistent with our holding that the FAA does apply. Stated differently, the trial court must, with the understanding that the FAA does apply, reexamine the motion to compel and the filings in opposition to that motion and determine whether, under the FAA, that motion should be granted.