628 So.2d 319 (1993)
CONTINENTAL GRAIN COMPANY, INC., et al.
v.
Bill BEASLEY, et al.
1920241.
Supreme Court of Alabama.
July 16, 1993.
Rehearing Denied October 29, 1993.
*320 Robert D. Segall and J. Fairley McDonald III of Copeland, Franco, Screws & Gill, P.A., Montgomery, for appellants.
Jere L. Beasley and Thomas J. Methvin of Beasley, Wilson, Allen, Main & Crow, P.C., Montgomery, for appellees.
PER CURIAM.
This appeal involves a disagreement over the enforceability of predispute arbitration agreements between chicken growers (plaintiffs) and Continental Grain Company, Inc., a poultry products retailer (defendant). The issue is whether the trial court erred in denying the retailer's motion to compel arbitration of the growers' fraud claims. We hold that the arbitration agreements meet *321 the requirements of the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and are enforceable against all growers who agreed in writing to arbitrate, but not against the grower who did not agree in writing to arbitrate; therefore, we affirm in part and reverse in part and remand. In so holding, we follow the "contemplation" test set forth in Ex parte Warren, 548 So.2d 157 (Ala.), cert. denied sub nom. Jim Skinner Ford, Inc. v. Warren, 493 U.S. 998, 110 S.Ct. 554, 107 L.Ed.2d 550 (1989), and reaffirmed in Ex parte Jones, 628 So.2d 316 (Ala.1993), as this Court's test for determining whether a particular contract involves interstate commerce for purposes of the Federal Arbitration Act.
Our statement of the facts is based on the pleadings, affidavits, and exhibits.[1] Continental Grain is an out-of-state corporation engaging in various agricultural enterprises. One of its divisions, Wayne Farms, has headquarters in Georgia. Wayne Farms produces retail poultry products at several growing complexes in different states, one of which is in Union Springs, Alabama, with ancillary facilities in Troy, Alabama. The complex is "totally integrated," meaning that it engages in each stage of production, including breeding, processing, packaging, and shipping.
The one stage of production in which Wayne Farms does not directly engage is growing the chickens during the period between hatching and processing. Instead, Wayne Farms contracts with growers, who raise the chickens until they are ready for processing. Basically, Wayne Farms provides the chickens and the growers provide the facilities and labor. Wayne Farms delivers the chickens to the growers from its Troy hatchery. When the chickens reach processing weight and age, Wayne Farms retrieves them, pays the growers based on the flock's weight, and delivers them to its Union Springs processing plant. After processing and packaging, the poultry products are sent to customers, with more than 90 percent being sent to locations outside Alabama.
Part of each grower's written agreement calls for the grower to "construct and maintain housing and equipment that conforms to the written standards established by Wayne [Farms]" and "to adopt new management practices and install new or additional equipment required by Wayne [Farms]." R. 226. Wayne Farms reserves the right to terminate the agreement "at the end of any flock on fifteen (15) days' notice for ... [f]ailure to provide adequate and requested facilities and equipment and failure to correct problems after notice from Wayne [Farms]." R. 229. Each agreement also includes the following provision:
"Any controversy or claim arising out of or relating to this agreement, or any breach thereof, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association, and the judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof."
R. 231.
The plaintiffs, Doris Arrington, Bill Beasley, Kay Goolsby, Whit Goolsby, Dwight Sasser, Doris Thompson, and John Frank Wilkerson, formerly grew broiler chickens for Wayne Farms in Alabama. Until 1992, each plaintiff except Beasley grew chickens under contract with Wayne Farms. Beasley had been a grower for Wayne Farms several years ago but was not a grower in 1992, although he worked with his son, Brent Beasley, who was a grower for Wayne Farms until 1992 but is not a party to this action.
In January 1992, Continental Grain notified all of its growers that it would begin requiring them to install tunnel ventilation systems in their chicken houses if they wanted to continue receiving chickens after May 18, 1992. The plaintiffs did not comply, and their contracts were terminated. The plaintiffs sued Continental Grain, "Wayne Poultry Company, Inc.,"[2] Shane Ford, Barbara Lester, *322 Billy Rayfield, Bruce Rutledge, Tony Woods, and certain fictitiously named defendants for damages based on fraud, alleging that the defendants had initially told them that tunnel ventilation would not be required. Ford, Lester, Rayfield, Rutledge, and Woods are current or former employees of Continental Grain who dealt with the plaintiffs.
The defendants moved to compel arbitration and to stay the proceedings pending arbitration. The trial court denied the motion, without stating its reasons, and refused to reconsider or vacate its ruling. The defendants appeal.[3]
The ultimate issue before this Court is whether the trial court properly denied the motion to compel arbitration. The defendants concede that predispute arbitration agreements are unenforceable under Alabama law, Ala.Code 1975, § 8-1-41(3), but they argue that the arbitration agreements in this case are specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA").
The FAA provides that written agreements to arbitrate future controversies arising out of contracts involving interstate commerce are valid and enforceable. 9 U.S.C. § 2. If the FAA applies, it "serves to preempt any state law purporting to deny the enforcement of a predispute arbitration agreement, on public policy grounds, and provides for the enforcement of arbitration agreements." Ex parte Brice Building Co., 607 So.2d 132, 133 (Ala.1992). The FAA applies if there is a "(1) a written agreement calling for arbitration and (2) a transaction involving interstate commerce." Maxus, Inc. v. Sciacca, 598 So.2d 1376, 1379 (Ala.1992).
In their contracts, each plaintiff except Beasley signed a "written agreement calling for arbitration"; therefore, the first requirement has been met with respect to those plaintiffs. However, it is undisputed that Beasley is not a party to any contract with Continental Grain. "Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute that he has not agreed to submit." A.G. Edwards & Sons, Inc. v. Clark, 558 So.2d 358, 362 (Ala.1990). Because Beasley did not agree in writing to submit to arbitration any dispute he might have with the defendants, the trial court properly refused to compel arbitration of his fraud claim.
Regarding the other plaintiffs, the dispute is over the second requirementa transaction involving interstate commerce. In prior cases, this Court has applied one of two different tests for determining whether a particular transaction involves interstate commerceeither the "slightest nexus" test set forth in Ex parte Costa & Head (Atrium), Ltd., 486 So.2d 1272 (Ala.1986), or the "contemplation" test set forth in Ex parte Warren, 548 So.2d 157 (Ala.), cert. denied sub nom. Jim Skinner Ford, Inc. v. Warren, 493 U.S. 998, 110 S.Ct. 554, 107 L.Ed.2d 550 (1989). However, in Ex parte Jones, 628 So.2d 316 (Ala.1993), this Court has adopted the "contemplation" test exclusively and has overruled cases stating any other standard. Accordingly, whether the transactions in this case involve interstate commerce for purposes of the FAA depends on whether, at the time the contract was made and the arbitration clause accepted, the parties "`contemplated substantial interstate activity'" in the performance of the contract. Warren, 548 So.2d at 160 (quoting Metro Industrial Painting Corp. v. Terminal Construction Co., 287 F.2d 382, 387 (2d Cir.) (Lumbard, Chief Judge, concurring), cert. denied, 368 U.S. 817, 82 S.Ct. 31, 7 L.Ed.2d 24 (1961) (emphasis original).
As evidence that its contracts with the plaintiffs relate to transactions involving interstate commerce, the defendants point out that federal laws premised on the Commerce Clause affect the relationships between the parties;[4] that Continental Grain is a foreign corporation, and that its Wayne *323 Farms division headquarters are in Georgia; and that Continental Grain's contracts with the plaintiffs are part of a production process that sends more than 90 percent of its products to other states and countries. Defendant Bruce Rutledge, a manager at the Wayne Farms production facility in Troy, Alabama, stated in his affidavit that "all of the Plaintiffs were knowledgeable growers for Wayne Farms and were familiar with this growing process and with the fact that they were engaged by Wayne Farms to grow chickens that would be immediately processed and shipped out of Alabama." R. 222.
Conversely, in their affidavits, the plaintiffs stated that when they entered into the contracts with Wayne Farms they did not contemplate substantial interstate activity, because all of the events concerning growing the chickens occurred in Alabama, including executing the contracts and hatching, transporting, and processing the chickens. Essentially, the plaintiffs argue that because their contracts were performed entirely within Alabama, those contracts do not involve interstate commerce.
We do not agree with the plaintiffs that the place of performance is the dispositive factor. In fact, this Court has very recently rejected "the contention that the locus actus, rather than the scope of the contract, determines the applicability of the FAA." Circle "S" Industries, Inc. v. Berryman, 613 So.2d 329, 331 (Ala.1993). In performing their contractual obligations, the plaintiffs were directly engaging in the production of articles to be shipped in interstate commerce. We agree with the defendants that the parties did in fact contemplate "substantial interstate activity" at the time of their agreements, and, therefore, that the agreements between the parties relate to transactions involving interstate commerce for purposes of the FAA.
Because the transactions between the plaintiffs and the defendants involved interstate commerce, the trial court erred in not compelling all the plaintiffs except Beasley to submit their claims to arbitration. Thus, we affirm the trial court's denial of the motion with respect to Beasley's claims, but we reverse that denial with respect to the claims of all other plaintiffs, and we remand the cause for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
MADDOX, ADAMS and INGRAM, JJ., concur in the result.
MADDOX, Justice (concurring in the result).
I disagree with the majority's use of the "contemplation" test of Ex parte Warren, 548 So.2d 157 (Ala.), cert. denied sub nom. Jim Skinner Ford, Inc. v. Warren, 493 U.S. 998, 110 S.Ct. 554, 107 L.Ed.2d 550 (1989). Instead, I believe that the "slightest nexus" test of Ex parte Costa & Head (Atrium) Ltd., 486 So.2d 1272 (Ala.1986), provides the proper analysis. See my dissenting opinion in Ex parte Jones, 628 So.2d 316 (Ala.1993) (Maddox, J., dissenting). Applying that test, I believe that the arbitration agreements are specifically enforceable pursuant to the FAA, because the contracts have at least the slightest nexus with interstate commerce; therefore, I concur in the result reached by the majority.
INGRAM, J., concurs.
NOTES
[1] The plaintiffs argue that we cannot consider the additional evidence submitted in support of Continental Grain's "motion to vacate or reconsider" the denial of the motion to compel. The plaintiffs waived any objection to the additional evidence by not objecting or moving to have it excluded at the time it was offered. Cf. McMillian v. Wallis, 567 So.2d 1199, 1205 (Ala.1990).
[2] Continental Grain's Wayne Farms division was formerly known as Wayne Poultry but has never been incorporated.
[3] Orders refusing to stay proceedings pending arbitration and orders refusing to compel arbitration are appealable. See 9 U.S.C. § 16(a)(1)(A) and (B) and A.G. Edwards & Sons, Inc. v. Clark, 558 So.2d 358, 360-61 (Ala.1990).
[4] The defendants cite the Packers and Stockyards Act, 7 U.S.C. § 181 et seq., the Poultry Products Inspection Act, 21 U.S.C. § 451 et seq., and the Agricultural Fair Practices Act, 7 U.S.C. § 2301 et seq.