The defendants, Terminix International Company Limited Partnership ("Terminix International") and Allied Bruce Terminix Companies ("Terminix Service"), appeal from the trial court's order denying their motion to compel the plaintiffs, Mark and Laurie Jackson, to arbitrate the claims stated in certain counts in an action filed by the Jacksons. A single issue is presented: whether the contract between the parties — a termite bond — contains sufficient contacts with interstate commerce to bring it within the Federal Arbitration Act, 9 U.S.C. § 1 et seq.
In March 1988, Mark and Laurie Jackson agreed to purchase a house in Montgomery, Alabama, from Tommy Geohagan. At the closing, Geohagan showed the Jacksons a Veterans' Administration ("V.A.") form that had been prepared by Terminix Service. This form indicated that Terminix Service had inspected the house and had observed existing termite damage; a graph attached to the form specifically described the nature and extent of the damage. At the same time, Geohagan assigned to the Jacksons his rights in a termite bond that he had previously acquired from Terminix Service and Terminix International.[1] This bond contained a clause providing that any dispute arising out of or relating to the bond would be settled by arbitration.
The Jacksons later discovered substantial termite damage to their house. They brought an action against Terminix Service and Terminix International, alleging that the defendants had defrauded them by misrepresenting the nature of the termite damage referenced on the V.A. form; the complaint also included a breach of contract count. Terminix Service and Terminix International subsequently moved to compel the Jacksons to arbitrate the breach of contract claim pursuant to the arbitration clause in the termite bond. The trial court denied the motion, and Terminix International and Terminix Service appeal from that order.[2] *Page 359 
Predispute arbitration clauses are not specifically enforceable in Alabama. Ala. Code 1975, § 8-1-41. However, if an arbitration clause is contained in a contract that involves interstate commerce, then the Federal Arbitration Act, 9 U.S.C. § 1et seq., preempts state law. Under the FAA, arbitration clauses are specifically enforceable. Ex parte Costa Head(Atrium), Ltd., 486 So.2d 1272 (Ala. 1986); Ex parte ShamrockFood Service, Inc., 514 So.2d 921 (Ala. 1987).
Terminix International and Terminix Service argue that the termite bond need only have the slightest nexus with interstate commerce for the FAA to apply. They cite Costa Head, Maxus v. Sciacca, 598 So.2d 1376 (Ala. 1992), and Exparte Brice Building Co., 607 So.2d 132 (Ala. 1992), to support this proposition.[3] Terminix International and Terminix Service argue that the termite bond does have at least a slight nexus with interstate commerce, for the following reasons: Terminix International has no office in Alabama, but is a Delaware limited partnership with its principal office in Memphis, Tennessee; Terminix Service is an Arkansas corporation; and the bond, because it obligates both companies to re-treat the home and repair any damage that results from the infestation of termites, contemplates that at least some of the products used to perform these services will be obtained from out-of-state sources.
The Jacksons respond with the argument that the cases cited by the appellants concern construction contracts, which almost inevitably affect interstate commerce because of the presence of out-of-state suppliers and subcontractors. They argue that the narrower standard enunciated in Ex parte Warren,548 So.2d 157 (Ala. 1989), cert. denied, 493 U.S. 998,110 S.Ct. 554, 107 L.Ed.2d 550 (1989), should control this case.[4] InWarren, this Court held that in the context of a sale of consumer goods that occurred wholly within the state, the test was not whether the contract had a slight nexus with interstate commerce, but whether the parties to the contract contemplated, at the time they entered into the contract, substantial interstate activity. See Metro Industrial Painting Corp. v.Terminal Construction Co., 287 F.2d 382, 387 (2d Cir.), cert.denied, 368 U.S. 817, 82 S.Ct. 31, 7 L.Ed.2d 24 (1961). See also Ex parte Williams, 555 So.2d 146 (Ala. 1989); Burke CountyPublic Schools Board of Education v. Shaver Partnership,303 N.C. 408, 279 S.E.2d 816, 822 (1981). The Jacksons assert that they believed the termite bond was a local contract when they entered into it, and that therefore the arbitration clause has no effect. The Jacksons alternatively argue that the contract does not have a slight nexus with interstate commerce even under the broader test.
This Court holds that the termite bond does not involve interstate commerce under the Warren standard. Under the Warren
test, the FAA does not apply because there is no evidence that the Jacksons, when they entered into the termite bond, thought that it would involve substantial interstate activity. The performance did not involve interstate commerce to such a degree that a reasonable person would conclude that the parties must have contemplated substantial interstate activity when they entered into the contract. See Allied-Bruce Terminix Cos.v. Dobson, 628 So.2d 354 (Ala. 1993).
For the foregoing reasons, the trial court properly denied defendants' motion to compel arbitration of the breach of contract claim.
AFFIRMED.
HOUSTON, STEAGALL and INGRAM, JJ., concur.
KENNEDY, J., concurs in the result.
[1] Terminix Service was responsible for rendering the services on the bond; Terminix International was the guarantor on the bond.
[2] Although the trial court's order is not technically a final order, this court has decided, in light of the 1988 amendments to the FAA, which provide for an immediate appeal of a ruling on a motion to compel arbitration, to treat such orders as final for purposes of appeal. Ex parte Brice Building Co.,607 So.2d 132 (Ala. 1992); A.G. Edwards Sons v. Clark,558 So.2d 358, 360 (Ala. 1990)
[3] This Court recently overruled the cases applying the Costa Head standard to the extent that they utilized the "slightest nexus" standard to determine the enforceability of arbitration agreements. Ex parte Jones, 628 So.2d 316 (Ala. 1993);Continental Grain Co. v. Beasley, 628 So.2d 319 (Ala. 1993).
[4] In Ex parte Jones and Continental Grain, supra fn. 3, this Court exclusively adopted the Warren standard for analyzing whether contracts have a sufficient involvement with interstate commerce to invoke the FAA. *Page 360