Peggy Henderson appeals from an order compelling her to arbitrate her claim against the defendant, Superior Insurance Company ("Superior"), a Delaware corporation.
In Lopez v. Home Buyers Warranty Corp., 628 So.2d 361 (Ala. 1993), we stated:
 "Because 'a petition for a writ of mandamus is the proper means to test a trial court's granting of a motion to arbitrate,' Ex parte Alexander, 558 So.2d 364, 365 (Ala. 1990), we treat Lopez's filing, although it was in the form of an appeal, as a petition for a writ of mandamus requiring the Montgomery Circuit Court to vacate its order compelling arbitration. See A.G. Edwards Sons, Inc. v. Clarke, 558 So.2d 358, 360 (Ala. 1990)."
Likewise, in this case we treat Henderson's filing as a petition for a writ of mandamus directing the trial court to vacate its order compelling arbitration. The issue presented by the petition is whether the arbitration provision of the insurance contract is enforceable.
Mrs. Henderson and her husband purchased an insurance policy from Superior. They purchased it through Reed Brown Insurance Agency, an independent agency in Montgomery. They received the policy in Alabama and paid all their premiums in Alabama. Superior's principal place of business is in Atlanta, Georgia. It has no claims offices or corporate offices in Alabama. All decisions regarding claims are made at Superior's Atlanta offices.
On June 2, 1989, Mrs. Henderson sustained injuries in an automobile accident. She filed an action against two other motorists involved in the accident and later amended her complaint to include a claim against *Page 367 
Superior for underinsured motorist benefits. Mrs. Henderson settled the claims against the other two motorists for $100,000, the limits of their insurance policies, but maintains her claim against Superior.
Superior filed a motion to compel arbitration, based on the following language in the insurance contract:
"If we and a covered person do not agree:
 "1. Whether that person is legally entitled to recover damages under this Part [Uninsured Motorists Coverage]; or
"2. As to the amount of damages;
 "either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction."
The Alabama Code prohibits enforcement of such predispute agreements to arbitrate: "The following obligations cannot be specifically enforced: . . . (3) An agreement to submit a controversy to arbitration." Ala. Code 1975, § 8-1-41(3). The Federal Arbitration Act ("FAA"), however, makes certain arbitration clauses enforceable:
 "A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable."
9 U.S.C. § 2. In regard to arbitration clauses to which it applies, this Federal Act preempts state laws that would bar enforcement. See Ex parte Alabama Oxygen Co., 452 So.2d 860
(Ala. 1984) (approving Justice Maddox's earlier dissent at433 So.2d 1158 (1983)).
In determining whether a contract is governed by the FAA, this Court has established a two-pronged standard: "there must be (1) a written agreement calling for arbitration and (2) a transaction involving interstate commerce." Maxus Inc. v.Sciacca, 598 So.2d 1376, 1379 (Ala. 1992) (citation omitted). Because the arbitration clause is in the Hendersons' signed insurance contract, the dispositive issue is whether this contract evidences a transaction involving interstate commerce.
This Court has used two approaches in evaluating whether an agreement involves interstate commerce. In Ex parte Costa Head (Atrium), Ltd., 486 So.2d 1272, 1275 (Ala. 1986), this Court stated that an agreement having even the "slightest nexus" with interstate commerce is within the FAA's scope. InEx parte Warren, 548 So.2d 157 (Ala.), cert. denied,493 U.S. 998, 110 S.Ct. 554, 107 L.Ed.2d 550 (1989), this Court applied the standard formulated in Metro Industrial Painting Corp. v.Terminal Construction Co., 287 F.2d 382 (2d Cir.), cert.denied, 368 U.S. 817, 82 S.Ct. 31, 7 L.Ed.2d 24 (1961): " '[W]hether at the time [the parties] entered into [the contract] and accepted the arbitration clause, theycontemplated substantial interstate activity.' " 548 So.2d at 160, quoting 287 F.2d at 387 (emphasis from Metro Industrial).
This Court recently put to rest the question of what standard should be used in evaluating whether the FAA applies to an agreement:
 "To resolve any inconsistency or confusion generated by the existence of two different standards, and determining, as we now do, that Warren presents a more reasoned approach than the Costa standard, we overrule any case inconsistent with Warren, to the extent that it states a different standard for determining the involvement of interstate commerce."
Ex parte Jones, 628 So.2d 316 (Ala. 1993). See also ContinentalGrain Co. v. Beasley, 628 So.2d 319 (Ala. 1993).
The Hendersons purchased the insurance contract from a local independent insurance agent. They applied for the insurance in Alabama, the contract was delivered to the Hendersons in Alabama, it covered their personal vehicles that were garaged at their home in Prattville, and all premiums were paid in Alabama. The Hendersons dealt exclusively with Reed Brown Agency in Montgomery, Alabama. There is no evidence that the Hendersons contemplated that their contract with Superior would involve substantial interstate activity. The mere fact that Superior *Page 368 
is a Delaware corporation operating out of Atlanta, Georgia, does not require a holding that the parties contemplated substantial interstate activity. Terminix International Co. v.Jackson, 628 So.2d 357 (Ala. 1993); A.J. Taft Coal Co. v.Randolph, 602 So.2d 395 (Ala. 1992).
Mrs. Henderson asserts that at the time of contracting she did not contemplate substantial interstate activity, and there is no evidence that the parties contemplated such activity. This contract, therefore, does not fall within the purview of the FAA; the enforceability of its arbitration provision is thus determined by Alabama law. Section8-1-41(3), Ala. Code 1975, renders the arbitration provision unenforceable. The trial court therefore erred in granting Superior's motion to compel arbitration.
WRIT GRANTED.
HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.