I disagree with the majority's use of the "contemplation" test for determining whether the particular transaction involves interstate commerce for purposes of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. Furthermore, I disagree with the majority's conclusion that the trial court erred in compelling arbitration of Mrs. Lopez's claims.
The threshold question is whether the FAA applies to this case. If the Act applies, as I believe it does, then the predispute arbitration agreement is enforceable, see 9 U.S.C. § 2, and whether the agreement would otherwise be unenforceable under Alabama law, see Ala. Code 1975, § 8-1-41(3), would be immaterial.
Does the home warranty agreement involve interstate commerce so as to invoke the *Page 365 
FAA and thereby render the arbitration agreement enforceable? I believe that it does.
Section 2 of the FAA provides, in pertinent part, that "[a] written provision in any maritime transaction or a contract evidencing a transaction involving interstate commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable." As the United States Supreme Court has held, in enacting this section, "Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration. . . . Congress has thus mandated the enforcement of arbitration agreements." Southland Corp. v. Keating,465 U.S. 1, 10, 104 S.Ct. 852, 858, 79 L.Ed.2d 1 (1984). The Supreme Court noted in Keating that the FAA "permits 'parties to an arbitrable dispute [to move] out of court and into arbitration as quickly and easily as possible," 465 U.S. at 7,104 S.Ct. at 856 (quoting in part Moses H. Cone MemorialHospital v. Mercury Construction Corp., 460 U.S. 1, 22,103 S.Ct. 927, 940, 74 L.Ed.2d 765 (1983)) (bracketed words added in Keating). The Supreme Court also noted: "Contracts to arbitrate are not to be avoided by allowing one party to ignore the contract and resort to the courts. Such a course could lead to prolonged litigation, one of the very risks the parties, by contracting for arbitration, sought to eliminate." Id.
The United States Supreme Court has also characterized the FAA as "a statute that embodies Congress' intent to provide for the enforcement of arbitration agreements within the full reach of the Commerce Clause." Perry v. Thomas, 482 U.S. 483,490, 107 S.Ct. 2520, 2526, 96 L.Ed.2d 426 (1987). The House Judiciary Committee Report on the arbitration bill also reflects Congress's intent. That report states in part: "Arbitration agreements are purely matters of contract, and the effect of the bill is simply to make the contracting party live up to his agreement. He can no longer refuse to perform his contract when it becomes disadvantageous to him. An arbitration agreement is placed upon the same footing as other contracts, where it belongs." H.R. Rep. No. 96, 68th Cong., 1st Sess. 1 (1924); see also Ex parte Alabama Oxygen Co., 433 So.2d 1158,1170 (Ala. 1983) (Maddox, J., dissenting). In Alabama Oxygen, after remand from the United States Supreme Court for further consideration in light of Keating, this Court adopted my dissent as its opinion. Ex parte Alabama Oxygen Co.,452 So.2d 860, 861 (Ala. 1984); see also Ex parte McKinney, 515 So.2d 693
(Ala. 1987).
This Court held in Ex parte Costa Head (Atrium), Ltd.,486 So.2d 1272 (Ala. 1986), that "[t]he requirement of the FAA that an arbitration agreement 'involve interstate commerce' has been construed very broadly so that the slightest nexus of the agreement with interstate commerce will bring the agreement within the ambit of the FAA." 486 So.2d at 1275 (citations omitted). I realize that a majority of this Court rejected this "slightest nexus" test in Ex parte Jones, 628 So.2d 316 (Ala. 1993), but I believe that Jones is wrong. See Jones, 628 So.2d at 318 (Maddox, J., dissenting); and Continental Grain Co. v.Beasley, 628 So.2d 319 (Ala. 1993) (Maddox, J., concurring in the result).
For the reasons cited by the trial court in that part of its order quoted in the majority opinion, I believe that the home warranty agreement, which was transferred to Mrs. Lopez, meets the "slightest nexus" test and that the trial court properly compelled arbitration of the claims; therefore, I respectfully dissent.