673 So.2d 410 (1994)
Ex parte Sharon S. JOHNSON.
(Re Sharon S. BREEDLOVE v. Gregory B. BREEDLOVE).
1930494.
Supreme Court of Alabama.
August 26, 1994.
*411 David B. Byrne, Jr. and J. Elizabeth Kellum of Robison & Belser, P.A., Montgomery, for petitioner.
Andrew T. Citrin of Cunningham, Bounds, Yance, Crowder and Brown, Mobile, E.E. Ball, Bay Minette, for respondent.
PER CURIAM.
This is a custody dispute.
The parties were divorced in 1987. The record does not contain a copy of the original divorce judgment or a copy of the agreement regarding custody. However, testimony in the record reveals that the parties had joint custody but that the mother had primary physical custody and that the child lived with the mother in Baldwin County. The father, who lived in Mobile County, had extensive visitation rights. Additionally, there was a provision in the judgment prohibiting removing the child from Baldwin or Mobile County.
The father first petitioned the court for primary custody in May 1990; it was denied. In April 1991, the father filed a petition to modify the custody arrangement, stating that he was taking a mandatory sabbatical from work and wanted to take the child with him as he traveled. No action had been taken on this petition when in August 1991, the mother filed a petition to modify the custody order because she had remarried and her new husband had accepted employment in another state. The mother's motion requested *412 that the trial court modify the divorce judgment's restriction against removing the child from Baldwin or Mobile County. In response, the father filed a motion requesting that he be awarded primary physical custody of the child.
After an ore tenus hearing, the trial court awarded primary physical custody of the child to the father. In its order, the trial court stated: "[I]f the primary physical custody is left with the mother, the child will be subjected to a move from Alabama to Missouri, a change in schools, churches and other activities and an adjustment to a new stepfather and a new brother or sister, inasmuch as the mother has become pregnant." C.R. 45.
The mother filed a "motion to reconsider," stating, among other things, that "the change in primary physical custody to the father would result in many major alterations in the child's life, including a change in residence to Mobile from Baldwin County, a change in schools, a change in church and other activities, and a possible adjustment to a new sibling since the father and stepmother are of child-bearing ages." C.R. 32.
After holding a hearing on the mother's motion, the trial court reversed its modification order and readopted the original custody arrangement of joint custody, with the mother having primary physical custody of the child and the father having extensive visitation rights, and keeping in place the restriction on removing the child from Mobile or Baldwin County. The mother appealed and the father cross appealed.
The Court of Civil Appeals held that the trial court abused its discretion in granting the mother's motion and reversing its modification order, with no additional evidence having been filed in support of the mother's motion. The Court of Civil Appeals then discussed the trial court's award of primary physical custody to the father. Using the "best interests of the child" standard applicable in joint custody cases, the court held that a complete review of the record supported the trial court's previous order awarding primary custody to the father.
First, we must determine whether the Court of Civil Appeals erred in holding that additional evidence must be submitted on a "motion to reconsider." We note that the mother styled her motion as a "motion to reconsider" the order granting the father the primary physical custody. The Alabama Rules of Civil Procedure make no reference to a "motion to reconsider." However, this Court treats a motion so styled as a Rule 59(e) motion to "alter, amend, or vacate" a judgment, if it complies with the guidelines for such post-trial motions set out in Rule 59. See, McAlister v. Deatherage, 523 So.2d 387 (Ala.1988).
Rule 59(e) imposes no requirement that a party present additional evidence in support of a motion to alter, amend, or vacate a judgment. Additionally, no case law requires that additional evidence be submitted on such a motion. In Continental Grain Co. v. Beasley, 628 So.2d 319 (Ala.1993), the plaintiffs argued that this Court could not consider the additional evidence submitted in support of the defendant's motion to vacate or "reconsider" the trial court's order denying a motion to compel. We stated in Beasley that "the plaintiffs waived any objection to the additional evidence by not objecting or moving to have it excluded at the time it was offered." 628 So.2d at 321. Clearly, additional evidence may be submitted, but, if it is, it is subject to being excluded by the trial court upon timely objection. Certainly, our case law imposes no requirement that additional evidence be submitted on a motion to alter, amend, or vacate.
Although Rule 59(e) does not use the word "reconsider," that rule does contemplate that a court will be asked to "reconsider" the evidence it has heard or the ruling it has entered. The word "reconsider" is defined as "to consider again esp. with a view to changing or reversing" and as "to consider something again." Merriam Webster's Collegiate Dictionary 977 (10th ed. 1993). To require that the party moving the court to reconsider its ruling present evidence in addition to what the trial court had originally considered would contradict the meaning of the word "reconsider."
*413 The Court of Civil Appeals erred in holding that a party must present additional evidence on a motion to "reconsider," i.e., on a Rule 59(e) motion. The mother's motion to alter, amend, or vacate the judgment awarding custody to the father was properly before the trial court, and the Court of Civil Appeals should have reviewed the trial court's ruling on that motion. Accordingly, we remand this case to the Court of Civil Appeals for it to review the order entered by the trial judge on the mother's motion.
We must now decide what standard of review the Court of Civil Appeals should apply in reviewing that order.
There are different standards for a trial court to use in ruling on questions of child custody. If one parent has previously been granted primary physical custody or if one parent has "given up" legal custody, then an existing custody arrangement will be modified only if the modification materially promotes the best interests and welfare of the child. Ex parte McLendon, 455 So.2d 863, 865-66 (Ala.1984). If neither parent has previously been given primary physical custody, then the "best interests of the child" standard applies. Ex parte Couch, 521 So.2d 987, 989 (Ala.1988).
One reason for applying a stricter standard after primary physical custody has been awarded to one parent is that uprooting and moving a child can be very traumatic. Therefore, the benefit to be gained in moving the child away from what the child knows as "home" must outweigh the potential harm in doing so.
We must now determine whether the parties in this case had joint custody or whether the mother had primary physical custody. Generally, a parent seeking modification of a prior custody order bears the burden of showing a change of circumstances that has occurred since the last judgment and that requires a change in custody. Further, the parent seeking the modification must show that the modification will "materially promote" the best interests and welfare of the child and that the benefits of the proposed change would outweigh the inherently disruptive effects caused by changing custody. Ex parte McLendon, 455 So.2d 863, 865-66. Where there is no prior order granting primary physical custody to one parent, McLendon is not applicable. Ex parte Couch. If primary physical custody has not been awarded to one parent, the "best interests of the child" standard applies. Ex parte Couch.
In Berrey v. Berrey, 622 So.2d 1316 (Ala. Civ.App.1993), the parents had joint legal custody, but there had been a previous judicial determination that placed primary physical custody with one parent. The court held that the McLendon standard was applicable, because the child's residence was with one parent with specified visitation given to the other parent.
In this present case, the father's petition to modify the custody agreement, filed on April 19, 1991, stated, "[U]nder the terms of the divorce decree both the [father] and [the mother] were deemed to be custodial parents of the minor child of the marriage ..., and each party was vested with the permanent care, custody and control of the minor child, with the [mother] having the right to primary custody, subject to specific visitation and custodial rights on the part of the [father]." C.R. 4. In a motion for a rule nisi, filed on the same date, the father stated that "the [mother] and [father] were awarded joint custody of the minor child of the marriage" and that "[t]he [father] was further awarded specific custodial and visitation rights with the minor child." C.R. 1.
In his brief, the father contends that the original custody agreement provided that "both parties to this action be deemed custodial parents, and that each be vested with the permanent care, custody and control of the subject minor, with the [mother] to be vested with a right to primary custody." R.T. 21.
When a previous joint custody determination favors one parent, such as when one parent has been granted primary physical custody, and the other parent moves for a modification, the stricter standard set out in McLendon applies. See, Ares v. Martinez, 589 So.2d 750 (Ala.Civ.App.1991). Even though the parties in this case refer in their briefs to joint custody, the record indicates that the mother had primary physical custody. *414 While the child spent a total of four to five months of the year with his father, he never spent more than two consecutive months with the father. His primary residence was with his mother. While the parties may jointly make decisions concerning the child, the child is in the primary physical custody of his mother. Because the mother had been given primary physical custody, the father was obligated to show that a change of custody would materially promote the best interests and welfare of the child and that the benefits of the proposed custody arrangement would outweigh the inherent disruptive effects it would cause. The Court of Civil Appeals should apply that standard in its review on remand.
Based on the foregoing, we reverse and remand.
REVERSED AND REMANDED.
MADDOX, SHORES, HOUSTON, STEAGALL, and KENNEDY, JJ., concur.
INGRAM, J., concurs specially.
INGRAM, Justice (concurring specially).
The majority concludes that the Court of Civil Appeals erred both procedurally and substantively in reversing the judgment of the trial court. I agree. I concur specially only to note that it appears that the Court of Civil Appeals was not alone in what may be some confusion as to the applicable standard of review. From a review of the record, I cannot tell if the trial court applied the proper standard of review. My best notion is that it did not. For this reason, I would reverse the judgment of the Court of Civil Appeals and remand the case with instructions that it be remanded to the trial court.
Once the case is returned to the trial court, the father has the burden to show that a change in custody would materially promote the best interest and welfare of the child and that the benefits of the proposed custody modification would outweigh the disruptive effects inherent in the modification. See Ex parte McLendon, 455 So.2d 863 (Ala.1984). Concerning the problems usually associated with the disruptive effects of a change in custody, I note that it appears from the record that the child might be uprooted regardless of the outcome of this custody battle. However, such an issue is better left to the discretion of the trial court.