BRYAN, Judge,
concurring in the judgment of affirmance in part and dissenting in part.
This action involves a custody dispute and the proposed change of the child’s principal residence. Because I disagree that Lorie Jane Parker (“the mother”) overcame the presumption, found in § 30-3-169.4, Ala.Code 1975, that a change in the child’s principal residence is not in the best interest of the child, I respectfully dissent from the no-opinion affirmance insofar as it upholds the trial court’s implicit finding to the contrary. I also write to point out a troubling flaw in the trial court’s reasoning regarding the decision to allow the child to relocate to Huntsville with the mother. *253 However, I concur with the majority’s decision to affirm the trial court’s judgment insofar as it denied the petition seeking a modification of custody filed by Garry Lee Parker (“the father”).
The father and the mother were divorced in 2004. In the divorce judgment, the mother was awarded physical custody of the parties’ only child. In May 2006, the mother sought to modify the father’s visitation; the father filed a response objecting to the mother’s move, with the child, from Franklin County to Huntsville. The father later filed a counterpetition seeking custody of the child. After an ore tenus hearing, the trial court entered a judgment denying the father’s petition for custody and overruling the father’s objection to the mother’s move to Huntsville.
On appeal, the father argues, among other things, that the trial court erred by failing to apply the Alabama Parent-Child Relationship Protection Act (“the Act”), § 30-8-160 et seq., Ala.Code 1975, specifically the presumption found in § 30-3-169.4, Ala.Code 1975. Section 30-3-169.4 states:
“In proceedings under this article unless there has been a determination that the party objecting to the change of the principal residence of the child has been found to have committed domestic violence or child abuse, there shall be a rebuttable presumption that a change of principal residence of a child is not in the best interest of the child. The party seeking a change of principal residence of a child shall have the initial burden of proof on the issue. If that burden of proof is met, the burden of proof shifts to the non-relocating party.”
In its judgment, the trial court stated, in pertinent part:
“8. The Mother testified that she moved for a better work environment and better benefits. The Father argued that this was not a valid reason [to move] because the Mother took a cut in her hourly rate of pay.
“9. The Mother testified that she is in the process of having a house constructed in the Huntsville, Alabama area. She and the minor child will be living in this house in August 2008.
“10. The minor child will start kindergarten this fall. This means that the minor child will have to remain stable during the school year and the distance between the parents’ homes is too great to share custody on an even basis throughout the year.
“11. The Father testified that because of the move he will not be able to do things with the minor child, such as attend school functions and extracurricular activities, as if the child had not moved. The Father argued that the child would be deprived of that contact with the Father.
“12. The minor child has been seeing a counselor since the Petition to Modify was filed. The counselor is Lynn McLean. Ms. McLean testified that both parties are good parents. She testified that the minor child is well adjusted in her current environment. Ms. McLean testified that the minor child would be devastated if taken from the primary custody of her mother. Ms. McLean ■also testified that the child would benefit from as much contact with both parents as possible.
“13. The Court must now balance the move of the minor child away from the Father against the disruption of the life of the minor child if physical custody is changed. The Court must look out for the best interest of the minor child first and foremost. While equal contact with both parents is in the best interest of the child, the distance between the par *254 ents coupled with the child starting school makes this an impossible task. “14. The Court finds that changing physical custody from the Mother to the Father is not in the best interest of the minor child.”
Nothing in the trial court’s judgment leads me to believe that the trial court considered the presumption found in § 30-3-169.4. The judgment makes no mention of the presumption, nor does it state that the mother met her burden to overcome the presumption that relocating the child to Huntsville would not be in the best interest of the child. However, the trial court was not required to make “specific findings pertaining to the parties’ respective burdens of proof under § 30-3-169.4,” and, therefore, I “ ‘must assume that the trial court made those findings necessary to support its judgment.’ ” Clements v. Clements, 906 So.2d 952, 957 (Ala.Civ.App.2005) (quoting Steed v. Steed, 877 So.2d 602, 603 (Ala.Civ.App.2003), citing in turn Ex parte Bryowsky, 676 So.2d 1322 (Ala.1996)).
However, I do not believe that the evidence at trial supported the trial court’s implicit determination that the mother met her burden to overcome the presumption that relocating the child to Huntsville is not in the best interest of the child. From the specific findings of fact the court did include in its judgment, the only facts that could arguably support a finding that the mother met her burden of proof are the facts that the mother was able to secure a job in Huntsville that has a “better work environment and better benefits” than her previous job and that the mother was having a house constructed in Huntsville for her and the child. The mother testified that there were opportunities in Huntsville, such as taking ice-skating lessons, which did not exist for the child in Franklin County. In addition, there was testimony at trial indicating that the child’s maternal grandparents were also moving to the Huntsville area.
However, as the father argued and as the evidence demonstrated, the mother actually took a pay cut by accepting the job in Huntsville. Additionally, the mother did not deny that she had told the father that the reason she was moving to Huntsville was to keep the father separated from the child as much as possible, although she denied that she was actually moving for that purpose. The father testified that he had researched test scores from schools in Franklin County and had compared them to the test scores from schools that the child would be attending in Huntsville; he stated that the test scores from the school systems throughout Franklin County were comparable with the test scores from the schools the child would be attending in Huntsville.
Even viewing these facts in a light most favorable to the mother, the prevailing party at trial, I believe that the trial court exceeded its discretion by implicitly finding that the mother had overcome the presumption that a change in the child’s principal residence was not in the best interest of the child. At most, the mother made a showing that relocating the child would not cause any harm to the child, other than being separated from the father; this is not the same as showing that the relocation is in the child’s best interest.
Our legislature stated that the purpose of the Act was to “promote[ ] the general philosophy in this state that children need both parents, even after a divorce ....” § 30-3-160, Ala.Code 1975. For that reason, the legislature created a burden on the relocating parent to overcome a presumption that relocating a child from his or her primary residence is not in the best interest of the child. In my opinion, the mother failed to prove that changing the *255 principal residence of the child to Huntsville would be in the child’s best interest, and the trial court erred in allowing the child to relocate to Huntsville with the mother.
After reviewing the explicit findings and the language of the trial court’s judgment, I am concerned that the trial court, seemingly, saw only two possible outcomes for this case. The trial court stated in its findings that the child’s counselor had testified that “the minor child would be devastated if taken from the primary custody of her mother.” In paragraph 13 of the judgment, the trial court found that, “[wjhile equal contact with both parents is in the best interest of the child, the distance between the parents coupled with the child starting school makes this an impossible task” (emphasis added). This reasoning leads me to believe that the trial court concluded that there were only two options available: one, to order that the child remain in Franklin County and allow the father to have custody of the child, even though the child’s counselor had testified that that would be “devastating” to the child; or two, to allow the mother to retain custody of the child when she relocated to Huntsville, despite the finding that equal contact with both parents is in the best interest of the child.
In Henderson v. Henderson, 978 So.2d 36 (Ala.Civ.App.2007), this court upheld a trial court’s order refusing to allow a mother to relocate her children outside Alabama but also refusing to grant the father custody of the children. In Henderson, the “mother had testified that if the court did not allow her to relocate with the children, then she would remain in Alabama .... ” 978 So.2d at 40. Likewise, the mother in this case testified that she “would move wherever [she] would need to, to be with [the child].” The mother further testified that she would quit her job in Huntsville if the trial court found that it was not in the child’s best interest to relocate to Huntsville.
As in Henderson, the trial court in this case had the power to refuse to allow the mother to relocate the child to Huntsville. The trial court had already determined that it was in the child’s best interest to have equal contact with the mother and the father. Given the evidence in this case, refusing to allow a change of the principal residence of the child would have promoted the child’s best interest, and it would have comported with the recommendation of the child’s counselor to have custody of the child remain with the mother. Thus, by refusing to allow relocation of the child’s principal residence but permitting the mother to retain custody in Franklin County the trial court would have fulfilled its “duty to scrupulously guard and protect the interests of [the child].” Ex parte Farm, 810 So.2d 631, 638 (Ala.2001) (“in the context of child-custody proceedings, the dominant consideration is always the best interest of the child” (citing Ex parte Johnson, 673 So.2d 410, 413 (Ala.1994))).
For the foregoing reasons, I respectfully dissent from the no-opinion affirmance insofar as it upholds the trial court’s judgment overruling the father’s objection to the mother’s relocation to Huntsville with the parties’ child.
MOORE, J., concurs.